## GARDNER vs. HEART.

In an action on the case for an injury to real property, the plaintiff must show either title or actual possession in himself at the time the injury was committed.

And if no one was in the actual possession, it will not be sufficient proof to author ize a recovery, to show that the premises were conveyed to the plaintiff at some period prior to the injury by a person not shown to have been in possession or to have title.

THIS was an action on the case brought in the supreme court by Gardner against Heart for an injury to three lots of land which the plaintiff claimed to own in the city of Troy. The defendant was the owner of a hill called Mount Ida in the vicinity of the lots, and the injury complained of was occasion ed, as alleged, by the defendant carelessly and negligently un dermining the hill, so as to cause a slide precipitating the earth upon the plaintiff's lots. The cause was first tried before WILLARD, circuit judge, in 1843, when the plaintiff was non-

Gardner v. Heart.

suited.   The supreme court on bill of exceptions set aside the
nonsuit and ordered a new trial.   See 1 *Denio,* 466, where the
case, as it then appeared, is stated.   Another trial was had be-
fore PARKER, circuit judge, in April, 1847, when a verdict was
had for the plaintiff.   The defendant moved the supreme court
for a new trial on bill of exceptions, which motion was denied.
See 2 *Barb. Sup. Court Rep.* 165, for a statement of such ques-
tions as arose on the last trial, and the opinion of the supreme
court.   Among those questions was the following : The plaintiff
gave in evidence a deed from Charles M. Baker to himself for
the lots which had been injured, dated in 1829, but he neither
proved that the grantor had any title, nor that either Baker or
himself had been in possession.   The defendant moved for a
nonsuit, and urged as one of the grounds, that the plaintiff had
not shown title to the lots claimed to have been injured.   The
motion was denied.   The defendant appealed to this court un-
der the judiciary act of December, 1847.

*J. Pierson,* for the defendant.

*D. L. Seymour,* for the plaintiff.

WRIGHT, J.   After the plaintiff had rested, the defendant's
counsel moved for a nonsuit on the ground that the former had
shown no legal title to the lots in question.   At this time the
plaintiff had only introduced and read in evidence a deed from
Charles M. Baker, dated July 24, 1829, purporting to convey to
him the lots in fee.   No evidence had been given, nor was it
subsequently supplied, of title in his grantor ; yet the judge re-
fused to nonsuit the plaintiff, and affirmatively charged the jury
that " enough had been made out to show that the plaintiff was
the owner of the lots."   They were unoccupied city lots.   The
plaintiff was bound to show either a regular paper title or ac-
tual possession.   The barely giving in evidence of a deed to
him of the premises, fell short of proving a title ; yet the judge
must have acted upon the assumption that it did prove such
title, both in denying the nonsuit and in charging the jury.

After the nonsuit had been denied, considerable evidence was incidentally given tending to show an actual possession of the lots by the plaintiff, insomuch that had the question of possession, upon such evidence, been submitted to the jury, and they had found for the plaintiff, we would hardly have disturbed their verdict on that ground. But no question of actual possession was made or submitted; and the judge seems to have continued to the end the error into which he had fallen on the motion for the nonsuit.

A new trial must be granted in which this error may be corrected, costs to abide the event.

New trial granted.