Folger, J.
When the party initiates by action, under the
statute (2 E. S., 312, § 1), proceedings to compel the determination of claims to real property, he must be careful to make the allegations of his complaint square with the requirements of the act. (Austin v. Goodrich, 49 N. Y., 266.)
One of these requirements is, that he shall have been for three years in the actual possession of the lands and tenements.
The plaintiffs in this case make the allegation in their complaint of the three years’ actual possession of the premises. This is denied by the answer. Hence they needed to make proof of it. The question is, did they make the proof? It is conceded that they did not show an occupancy by them or by their ancestor. They showed a deed to him of the premises, his decease intestate, that they were his heirs at law, and that the premises were vacant; and no more.
It is claimed that this proof meets the meaning oí the statute, and establishes the fact of actual possession in the sense in which the term is used in the enactment. If so, it must be a sense different from that which, in the parlance of the law, that term usually conveys. Actual possession, as a legal phrase, is put in opposition to the other phrase, possession in law, or constructive possession. Actual possession is the same as pedÁs possessio or pedis positio, and these mean a foothold on the land, an actual entry, a possession in fact, a standing upon it, an occupation of it, as a real demonstrative act done. It is the contrary of a possession in law, which follows in the wake of title, and is called constructive possession. (Jackson v. Sellick, 8 J. R., 262; Waggoner v. Hastings, 5 Penn. St., 300.) So that, it is said in England, that a trespasser, one who goes on to lands without right, gains no more than a pedis possessio, and that is a possession different from, the contrary of, a constructive possession flowing from the holding of the rightful title. (Id.; Tillingh. Adams on Eject., 10, note 2, and cases cited there; Woodfall’s Tenant, 613.) *137 The mind struggles in vain to find a word or words which will express more sharply and definitely than do the .words, “actual possession,” the fact which those words set forth. The deed to the ancestor of the plaintiffs did not establish, nor give ground to presume, such a possession. McCormick, the grantor of the ancestor of the plaintiffs, was not shown to have ever actually entered upon the premises, nor was he shown to have had the legal title when he conveyed to their ancestor. As these premises were vacant city lots, the proof of a deed from McCormick, and nothing further, showed neither a paper title nor actual possession. (Gardner v. Heart, 1 N. Y., 528.) If we look to the enactment itself, we find nothing in it which leads to the supposition that this phrase was used otherwise than in its ordinary sense. On the contrary, in several of its provisions, it presents the very distinction between an actual possession and a constructive possession, which we have above set forth. In subdivision 3, section 2, there is a difference suggested between the actual possession and the title. The seventh section provides for a plea in bar of all further proceedings, that there has not been an actual possession of the premises for three whole years; if judgment be given against such plea, then the party may be required, by rule of course, to plead to the title. How, if the phrase actual possession, in the first section, means that constructive possession which follows the title, why raise and try an issue first upon the fact of such an actual possession, and after that is determined, raise another issue upon the title, which, if good, always draws after it prima facie the presumption of constructive possession ? It would realty be trying again the same issue. It is plain that this section looked upon actual possession as one thing, and constructive possession under the title as another; and that it required the determination of the one which was in the first section made the foundation of the right to proceed, before it required an issue upon the other. So, after providing that the person proceeded against under the provisions of the statute shall, in certain case, declare as in action of ejectment (§ 9), sec *138 tion 15 provides that if he recover therein, he shall be entitled to .a writ of possession, and may recover the value of the use and occupation ■ of the premises, which could only be if they had been in the actual use and occupation of the person initiating the proceedings. And in view of the whole purview of the statute, and the state of facts which must exist to make it meet a need, it is apparent that it is an apt remedy only for one in the actual occupation of the premises. For if the premises are in the occupation of the rival claimant, or are vacant, and there is a rival claim of title or exercise of acts of ownership, then an action of ejectment was the apt remedy. (2 R. S., p. 304, § 4.) The term of three years, fixed for the required actual possession, is an arbitrary term; but it is apparent, from any time being fixed, that it was the legislative purpose that there should be some length of continued occupation under claim of title, as a provocative to another claimant, to test by ejectment or other proceeding the right 'asserted, and if after that lapse he slept upon the matter, that there should be a mode of testing the opposing claims before witnesses died or muniments were lost. There was the same reason, as there is for requiring a notorious actual occupation with claim of exclusive right, to start an adverse possession.
There may be found other places in the statute book where this phrase appears, and I think that we may gather from them that the meaning intended is not different from that already attributed to it. Thus (1 R. S., 727, § 47): “ Every person who * "x" * now is, or hereafter shall be, entitled to the actual possession of lands "x * * shall be deemed to have the legal estate therein * * I think it is evident that there is here suggested a difference between the interest which one has in lands, by reason of his legal rights, and that enjoyment which he would have were he in fact in possession. The actual possession is something which he has not, but which he is entitled to have now or hereafter. But all his legal and equitable rights, as distinguished from a right in fact, he is not only entitled to, but he has already. *139 It is true, that it is said, that such effect is given to a deed or conveyance by the statute of uses, as that the person intended to be benefited “ is put at o'nce into corporal possession of the lands, without ever having seen it, by a 7dnd of parliamentary magioP (2 Blk. Com., 238.) And yet, while relying upon this magical effect of the statute, learned counsel and the courts still distinguish between a constructive and an actual entry. (Jackson v. Johnson, 5 Cow., 74, 88, 98.) And the very phrase used by the learned commentator, shows that the possession thus conferred is not real, but unreal, magical, assumed to be what it is not in fact. And whether that unreality was designed, by the use of the phrase in the statute under consideration, is the very question which we have in hand. Until it is shown that this statute was meant to have the magical effect ascribed to the statute of uses, we should more properly conceive that the legislature meant by “ actual,” what the word actually means. So in the chapter, “ of suits relating to real property” (2 R. S., 306, § 25), the phrases “ actual entry,” and “ actual receipt- of any profits,” are put in contradistinction to the phrase, “ a right to the possession.” (See, also, §§ 3, 4, pp. 303, 304.) I doubt not this comparison might be further extended. But it is to me very plain, from the considerations above presented, that the revisers and the legislature, when they used the words actual possession, meant a possession in fact, effected by actual entry upon the premises.
As this conclusion leads to a judgment of reversal, it is not needed that the other points presented be passed upon. ■ All concur.
Judgment reversed.