ETHEL L. LYON, RESPONDENT, v. ASHBEL R. SELLEW, APPELLANT.

*Conversion — what possession is sufficient to maintain an action for the conversion of personal property.*

Upon the trial of an action to recover damages for the conversion of a quantity of pine and oak logs and timber, it appeared that in 1879 the plaintiff went upon unimproved and unoccupied wood lots with men and teams for the purpose of removing the timber therefrom; that he made roadways and log-roads through the timber, cut down a large amount of white oak and pine timber; cut a portion of this into logs, placing a part of it on skids, and drawing off a part. While the plaintiff was in possession of the said logs the defendant ordered him to stop removing them, and thereafter took possession of them and converted them to his own use. No proof of title was given by either party.

*Held,* that the plaintiff established a sufficient possession of the logs and timber to entitle him to maintain this action.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*W. S. Cameron* and *W. H. Henderson*, for the appellant.

*Goodwill & Stevens*, for the respondent.

SMITH, P. J.:

The action is for the conversion of a quantity of pine and oak logs and timber. With a general denial, the defendant pleaded that one Elizabeth A. Wing was the owner of the land on which the timber was growing, and that she was induced to sell the same to

the plaintiff by fraudulent representations made by him. But the answer in no way connected the defendant with Wing's title.

The referee found that the lot on which the timber grew was a wood lot, unimproved and unoccupied; that in 1879 the plaintiff went on to the lot with men and teams, for the purpose of removing the timber growing thereon; he made roadways and logroads through the timber which was scattered over the lot, cut down a large amount of white oak and pine timber growing on the lot, cut about one-half of the trees so cut down into logs, and placed a considerable quantity thereof on skids which he prepared therefor, and drew off from said lot, over said roadways, some of the logs so cut. He also found that while the plaintiff was in possession of the logs so cut the defendant ordered him to desist from removing them, and on 11th December, 1879, took possession of them and converted them to his own use. No proof of title was given on the trial.

The appellant contends that the plaintiff did not prove possession in himself and is not entitled to maintain the action. We think otherwise. The plaintiff, by proving that he entered peaceably upon the lot, felled the timbers, cut it into logs, and prepared to draw them away upon roads made by him for the purpose, showed such a possession of the logs and timber as enables him to recover of the defendant, who, so far as the case shows, was a mere intruder. (*Bassett* v. *Maynard*, Cro. Eliz., 819; *Rackham* v. *Jesup*, 3 Wils., 332; *Rowe* v. *Brenton*, 8 B. & C., 737.)

The appellant's counsel cites *Miller* v. *Long Island Railroad Company* (71 N. Y., 380) and *Thompson* v. *Burhans* (79 N. Y., 93). The first was trespass *qu. cl. fr.*, and the second ejectment, and in each of them it was a question whether the plaintiff had shown actual possession of the land. It was properly held that a mere entry on unoccupied land, accompanied by a claim of ownership and cutting wood thereon once or a number of times, or counting logs thereon, does not give a right of action against another person subsequently doing the same acts upon the same lands. The distinction between those cases and the one at bar is recognized by EARL, J., delivering the opinion of the court in the case last cited. He says: " It was never supposed that the hunter had possession of the forest through which he roamed in pursuit of game; and no more can a wood-chopper be said to possess the woods into which

he enters to cut logs. The logs which he cuts are his against a mere intruder, and he may enter as against such one and remove them." (P. 99.)

Again, the answer, as has been said, after denying the complaint, alleges title in Wing and a sale by her to the plaintiff. This is new matter, and is an admission by the defendant of the plaintiff's title. The defendant's allegation that the sale by Wing to the plaintiff was procured by the fraud of the latter is not proved, and if it were, it would not help the defendant, as he did not connect himself in any way with Wing's title. The plaintiff's right to maintain the action seems to be admitted by the answer.

The judgment should be affirmed.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed.