CHARAC J. VAN INWEGEN, Respondent, *v.* PORT JERVIS, MONTICELLO AND NEW YORK RAILROAD COMPANY, Appellant. (Actions 1 and 2.)

*Negligence — evidence of ownership of premises set on fire by sparks from a locomotive.*

In an action commenced in 1896 to recover damages resulting from a fire on the plaintiff's premises, alleged to have been kindled by sparks emitted from the defendant's (a railroad company's) engine, the jury may properly conclude that the property in question belonged in fact to the plaintiff, where he produces deeds dated in 1878, 1880 and 1882, and gives evidence disclosing facts indicating ownership reaching back to about the time that the deeds were executed, and where the property was inclosed by fences.

APPEAL by the Port Jervis, Monticello and New York Railroad Company, the defendant in the above-entitled actions, from judgments of the Supreme Court in favor of the plaintiff in said actions, entered in the office of the clerk of the county of Orange on the 18th day of January, 1897, upon the verdict of a jury for $1,300 in the first action, and for $300 in the second action, and also from orders entered in said clerk's office on the 20th day of January, 1897, denying the defendant's motion for a new trial of each of said actions, made upon the minutes.

Action No. 1 was commenced on the 5th day of August, 1896, and action No. 2 on the 9th day of October, 1896.

*Schuyler C. Carlton*, for the appellant.

*C. E. Cuddeback*, for the respondent.

WOODWARD, J.:

Two actions involving the same questions of law are involved in these appeals, both cases being contained in a single record. The plaintiff is the owner of certain wood lands in the town of Deer Park, Orange county, and was the owner of such property during the year 1896, at which time the cause of action arose. In that year the defendant railroad company operated its trains over the Port Jervis, Monticello and New York railroad. In the month of May, after a prolonged drought, a fast train was put upon the line, and in passing over the road on the fourth day of that month the engine in use emitted sparks to an extent which caused a fire to be kindled upon the right of way of the defendant company, and this fire was communicated by means of the dry brush, weeds, etc., which the defendant had allowed to accumulate upon its premises, to the adjoining property, and thence, by a continuous and uninterrupted combustion of dry leaves, brush, weeds, etc., to the premises of the plaintiff, whose property sustained the damages complained of in the destruction of his growing timber, the burning of the soil, and the demolition of some 200 cords of wood which he had cut and ranked ready for the market. The complaint alleges the ownership of the property, and charges the defendant with negligence, both in the construction and operation of the engine which caused the fire, and in maintaining its roadway in such a condition as to make the communication of fire a necessary consequence of the negligent scattering of sparks from the engine. The defense alleged a lack of knowledge or information sufficient to form a belief, and, therefore, denied the several allegations of the complaint. The case was tried without exceptions worthy of serious consideration, and the questions of fact were submitted to the jury under a charge which left the defendant little, if anything, to complain of, and resulted in a verdict of $1,200 for damages to the real estate, and $300 for the destruction of the cord wood.

The defendant now urges that, under the authority of *Miller* v. *Long Island R. R. Co.* (71 N. Y. 380), the plaintiff did not sufficiently establish his ownership of the property in question by the

introduction of the title deeds and the declaration under oath that he was the owner of the property. The trial proceeded upon the presumption of ownership, the defendant not raising the question in any form except by the general denial. Without considering whether the defendant has the right to urge this objection at this time, it is proper to say that the case cited could not, in our judgment, be of avail to the defendant under the circumstances of the case at bar. The language of the court, which is submitted in support of the defendant's contention, does not deal with an analagous case. There, the plaintiffs had taken an assignment of a number of claims in which some of them did not show paper titles or any acts indicating possession, and it was in reference to these facts that the court say : " The plaintiffs could prove their titles, either by conveyances showing paper title or by such possession as would be presumptive evidence of title. When reliance is placed solely upon paper title, the land not having been occupied, improved or inclosed, the proof must be of a chain of title from the original patentee or donee. A deed from a person not in possession, or not shown to be the owner, establishes no title. (*Gardner* v. *Hart,* 1 N. Y. 528.) The possession, unaccompanied with paper title, requisite to furnish the presumption of ownership sufficient to maintain this action, must be actual ; nothing less will answer. When lands are unoccupied, unimproved and uninclosed, it is quite difficult to make out such possession." In the case at bar the plaintiff produced a paper title. These deeds were dated in 1878, 1880 and 1882. The evidence disclosed facts indicating ownership reaching back to about the time the deeds were executed, and the property was inclosed by fences ; and we see no reason why the jury may not have properly concluded that the property under consideration did, in fact, belong to the plaintiff. The other questions raised on the appeal appear to us to be peculiarly within the province of the jury.

We are forced to conclude that the judgment appealed from should be affirmed.

All concurred.

Judgments and orders affirmed, with costs.