VAN INWEGEN v. PORT JERVIS, M. & N. Y. R. CO. (two cases).

(Supreme Court, Appellate Division, Second Department.   November 1, 1898.)

FIRE SET BY LOCOMOTIVE—ACTION FOR DAMAGES—EVIDENCE OF OWNERSHIP.
    In an action for damages from fire set by locomotive, plaintiff alleged
    ownership of the land in question, and the trial proceeded on the pre-
    sumption of plaintiff's ownership, defendant not raising the question in
    any form except by its general denial.  Plaintiff produced a paper title,
    and also showed facts indicating ownership, reaching back to the time
    of his deeds.  The property was inclosed by fences.  *Held*, that the facts
    were sufficient to sustain a finding of plaintiff's ownership.

Appeals from trial term, Orange county.

Two actions by Charac J. Van Inwegen against the Port Jervis, Monticello & New York Railroad Company for damages by reason of a fire caused by defendant's negligence.   From a judgment in favor of plaintiff, defendant appealed.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Schuyler C. Carlton, for appellant.
C. E. Cuddeback, for respondent.

WOODWARD, J.   Two actions, involving the same questions of law, are involved in these appeals, both cases being contained in a single record.   The plaintiff is the owner of certain woodlands in the town of Deer Park, Orange county, and was the owner of such prop-erty during the year 1896, at which time the cause of action arose. In that year the defendant railroad company operated its train over the Port Jervis, Monticello & New York Railroad.   In the month of May, after a prolonged drought, a fast train was put upon the line; and in passing over the road, on the 4th day of that month, the engine in use emitted sparks to an extent which caused a fire to be kindled upon the right of way of the defendant company, and this fire was communicated, by means of the dry brush, weeds, etc., which the de-fendant had allowed to accumulate upon its premises, to the adjoining property, and thence, by a continuous and uninterrupted combustion of dry leaves, brush, weeds, etc., to the premises of the plaintiff, whose property sustained the damages complained of, in the destruction of his growing timber, the burning of the soil, and the demolition of some 200 cords of wood which he had cut and ranked ready for the market. The complaint alleges the ownership of the property, and charges the defendant with negligence, both in the construction and opera-tion of the engine which caused the fire, and in maintaining its road-way in such a condition as to make the communication of fire a neces-sary consequence of the negligent scattering of sparks from the engine. The defense alleged a lack of knowledge or information sufficient to form a belief, and therefore denied the several allegations of the com-plaint.   The case was tried without exceptions worthy of serious con-sideration, and the questions of fact were submitted to the jury under a charge which left the defendant little, if anything, to complain of, and resulted in a verdict of $1,200 for damages to the real estate, and $300 for the destruction of the cordwood.

53 N.Y.S.—65

The defendant now urges that under the authority of Miller v. Railroad Co., 71 N. Y. 380, the plaintiff did not sufficiently establish his ownership of the property in question by the introduction of the title deeds and the declaration under oath that he was the owner of the property. The trial proceeded upon the presumption of ownership, the defendant not raising the question in any form except by the general denial. Without considering whether the defendant has the right to urge this objection at this time, it is proper to say that the case cited could not, in our judgment, be of avail to the defendant under the circumstances of the case at bar. The language of the court, which is submitted in support of the defendant's contention, does not deal with an analogous case. There the plaintiffs had taken an assignment of a number of claims, in which some of them did not show paper titles or any acts indicating possession; and it was in reference to these facts that the court say:

"The plaintiffs could prove their titles, either by conveyances showing paper title, or by such possession as would be presumptive evidence of title. When reliance is placed solely upon paper title, the land not having been occupied, improved, or inclosed, the proof must be of a chain of title from the original patentee or donee. A deed from a person not in possession, or not shown to be the owner, establishes no title. Gardner v. Heart, 1 N. Y. 528. The possession, unaccompanied with paper title, requisite to furnish the presumption of ownership sufficient to maintain this action, must be actual; nothing less will answer. When lands are unoccupied, unimproved, and uninclosed, it is quite difficult to make out such possession."

In the case at bar the plaintiff produced a paper title. These deeds were dated in 1878, 1880, and 1882. The evidence disclosed facts indicating ownership reaching back to about the time the deeds were executed, and the property was inclosed by fences, and we see no reason why the jury may not have properly concluded that the property under consideration did, in fact, belong to the plaintiff. The other questions raised on the appeal appear to us to be peculiarly within the province of the jury. We are forced to conclude that the judgment appealed from should be affirmed.

Judgments and orders affirmed, with costs. All concur.