VAN INWEGEN v. PORT JERVIS, M. & N. Y. R. CO.

(Supreme. Court, Appellate Division, Second Department.   June 6, 1899.)

RAILROADS—FIRES—SUFFICIENCY OF PLAINTIFF'S TITLE.
    Plaintiff, suing for damages from a fire started by defendant railroad company, sufficiently establishes a legal title to the property involved, where, in addition to a paper title, he showed actual possession and acts of ownership for a considerable time, under a contract of purchase.

Appeal from trial term, Orange. county.

Actions by Samuel J. Van Inwegen against the Port Jervis, Monticello & New York Railroad Company to recover for property destroyed by fire from defendant's engines. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Schuyler C. Carlton, for appellant.
C. E. Cuddeback, for respondent.

PER CURIAM. These actions were tried upon substantially the same pleadings, and upon the same theory, and with nearly the same evidence, as those of the two cases of Van Inwegen v. Railroad Co., 34 App. Div. 95, 53 N. Y. Supp. 1025, and it would serve no other purpose than to incumber the reports to go into a discussion of the points raised. There was evidence which fairly sustains the verdict of the jury upon all of the questions submitted, the learned court delivering a charge which was clearly as favorable to the defendant as it had any reason to expect, and it is not clear that any considerations of justice would be advanced by a reversal of the judgments.

The point urged by the defendant that plaintiff failed to establish a legal title to the property involved does not appear to be well taken, as it appears that the plaintiff, in addition to a paper title, was in the actual possession of the property, and had exercised acts of ownership for a considerable time, under a contract of purchase. The case at bar presents a very different state of facts from that found in the case of Miller v. Railroad Co., 71 N. Y. 380, and the rule there laid down has no application to the facts now before this court.

The judgments and orders appealed from should be affirmed, with costs.