AUBUCHON et al. v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department.    April 22, 1910.)

1. EJECTMENT (§ 12*)—EVIDENCE OF TITLE—SUFFICIENCY.

In ejectment it is not enough to prove a paper title, except where title is traced back either to the sovereign or to some one admitted or proved to have been a common source of the title; it being necessary in other cases to prove in addition possession in some one through whom plaintiff claims.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 47–55; Dec. Dig. § 12.*]

2. EJECTMENT (§ 16*)—RECOVERY—"LEGAL TITLE."

The phrase "legal title" in Code Civ. Proc. § 368, providing that in an action to recover real property he who establishes a legal title to the premises is presumed to have been possessed thereof within the time required by law, is not necessarily a mere paper title, but such a title as undisputed will sustain an action of ejectment.

[Ed. Note.—For other cases, see Ejectment, Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 5, p. 4082.]

3. DESCENT AND DISTRIBUTION (§ 71*)—JUDGMENT—EVIDENCE.

The basis of the surrogate's jurisdiction to entertain proceedings for probate of heirship is that a person dies intestate, seised in fee of real property within the state, under Code Civ. Proc. § 2654, and the facts which the decree may establish presumptively are the fact of decedent's death, his place of residence, his intestacy, number of heirs entitled to inherit, their names, etc., and the interest of each in the property, required to be established by petitioner by section 2656, and the Surrogate's Court does not purport to adjudicate upon the question of title to real property, and hence the decree in such proceedings, which by section 2657 is made presumptive evidence of the facts declared to be established thereby, is not presumptive evidence of the title to real property.

[Ed. Note.—For other cases, see Descent and Distribution, Dec. Dig. § 71.*]

4. EJECTMENT (§ 9*)—SUFFICIENCY OF EVIDENCE.

In ejectment plaintiff must recover, on the strength of his own title, and not because of the weakness or want of title in defendant.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 18; Dec. Dig. § 9.*]

Appeal from Special Term, Westchester County.

Action by William N. Aubuchon and another against the New York, New Haven & Hartford Railroad Company.    Judgment for plaintiffs, and defendant appeals.    Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

William A Woodworth, for appellant.

Charles W. Sinnott, for respondents.

BURR, J.    This action is in ejectment.    Trial by jury was waived. Defendant's possession of  the premises in question is admitted. Plaintiffs' counsel offered in evidence a deed dated March 1, 1856, and recorded March 4, 1856, made by Frederick Grote and wife and Henry E. Baack and wife to Matilda Becker, purporting to convey

said premises. He followed this with other deeds of conveyance in an unbroken chain until 1859. The last of these was made by Stille Manning to Charles L. Aubuchon. This deed was dated October 1, 1859, and was recorded on October 22d in the same year. Seasonable objection was taken to the admission of each of these deeds, and defendant excepted to the decision of the court overruling such objection. Plaintiffs' counsel then offered in evidence the petition, proceedings, and decree of the Surrogate's Court of New York county, filed November 6, 1908, in the matter of the application of James G. Coburn for the probate of the heirship of Charles L. Aubuchon, deceased. Defendant was not a party to these proceedings and does not appear to have had notice thereof. Defendant's counsel, making no objection to the regularity or sufficiency of the proceedings, objected to them as immaterial, irrelevant, and incompetent as against the defendant. The objection was overruled and an exception taken.

From this decree it appears that Charles L. Aubuchon died at Iron Mountain, St. Francis county, Mo., in the year 1866, and that he left as his only heirs at law two sons, Charles L. Aubuchon and William N. Aubuchon, each of whom resides in St. Louis. Plaintiffs' counsel then offered in evidence two deeds, one made by Charles L. Aubuchon and wife, dated July 31, 1905, and recorded August 25, 1905, and one made by William N. Aubuchon and wife, dated September 21, 1905, and recorded December 7th in the same year. James G. Coburn was the grantee named in each of said deeds. The complaint alleged, and the answer admitted, that at the time of these conveyances the premises were in the actual possession of the defendant, who held, or claimed to hold, the same adversely. In accordance with the provisions of section 1501 of the Code of Civil Procedure this action was brought by Coburn in the name of his grantors. Plaintiffs' counsel then offered in evidence two judgment rolls in actions brought in the Supreme Court by Aaron Peck, Jr., against Charles L. Aubuchon, to foreclose mortgages upon property situated in Kings county. From these it appears that at that time the said Charles L. Aubuchon was not a resident of the state of New York. It also appears from the judgment rolls and admissions made by defendant's counsel that service of the summons and complaint in each of said actions was made on him by publication; that there was a deficiency upon the sale for which judgment was entered; that executions were issued upon said judgment; and that the premises in question were sold thereunder. From the sheriff's deed offered in evidence it appears that these judgments were entered October 9, 1860, the executions issued November 15, 1860, and the premises sold to Charles A. Nicols, January 26, 1861. The sheriff's certificate of sale was assigned by various mesne assignments to Aaron Peck, who, on July 28, 1868, obtained a deed of said premises. It does not appear that the defendant claims under the said Peck or under any other person named in plaintiffs' chain of title. Plaintiffs' counsel then offered evidence as to the value of the premises in question and rested. A motion by defendant to dismiss the complaint, upon the ground that plaintiffs had not proven their case, that they had not proven that they were ever in possession of the

property, or that they had legal title to the same, was denied. Defendant rested without introducing any evidence, and the court thereupon directed judgment in favor of the plaintiffs, from which judgment this appeal is taken.

We think defendant's motion should have been granted. In an action of ejectment it is not enough to prove a paper title to the disputed premises unless that title is traced back either to the sovereign or to some one admitted or proved to have been a common source of the title claimed by both plaintiff and defendant. In other cases, in addition to the paper title, possession must be proved in some one through whom plaintiff claims. 15 Cyc. 39; Miller v. Long Island Railroad Co., 71 N. Y. 380; Greenleaf v. Brooklyn, Flatbush & C. I. R. R. Co., 132 N. Y. 408, 30 N. E. 762; s. c. 141 N. Y. 395, 36 N. E. 393; Roberts v. Baumgarten, 110 N. Y. 380, 18 N. E. 96; N. Y. Central & H. R. R. R. Co. v. Brennan, 12 App. Div. 103, 42 N. Y. Supp. 529. Plaintiffs' counsel invokes the aid of section 368 of the Code of Civil Procedure, which relates to the statute of limitations. But the "legal title" there referred to, which in the first instance possession is presumed to follow, is something more than a paper title. It is such a title as, undisputed, would sustain an action of ejectment within the rule above stated.

"Where a party is under the necessity of proving title, it is not enough to simply produce a deed; he must show possession in the grantor, or possession accompanying the deed; without this, he proves no title. But when, as matter of law and fact, it is found or conceded that a party named has title, that is sufficient—his possession is presumed—and the occupation by any other person is presumed to be in subordination to the legal title, unless it appear that the premises have been held adversely to such legal title for twenty years before suit brought. Code, § 81." Stevens v. Hauser, 39 N. Y. 302.

The learned counsel also claims the benefit of section 2657 of the Code of Civil Procedure, which provides that in proceedings for the probate of heirship the decree or the record thereof is "presumptive evidence of the facts so declared to be established thereby." But the basis of the surrogate's jurisdiction to entertain such a proceeding is that a person dies intestate "seised in fee of real property within the state." Code Civ. Proc. § 2654. And the facts which the decree may establish presumptively are:

"The fact of the decedent's death; the place of his residence at the time of his death; his intestacy, either generally, or as to the real property in question; the number of heirs entitled to inherit the property in question; the name, age, residence, and relationship to the decedent, of each; and the interest or share of each in the property." Code Civ. Proc. § 2656.

The Surrogate's Court does not pretend in these proceedings to adjudicate upon the question of the title to real property. In ejectment plaintiff must recover, if at all, upon the strength of his own title, and not because of the weakness or want of title in defendant. Roberts v. Baumgarten, supra.

The judgment appealed from must be reversed, and a new trial granted; costs to abide the event. All concur.