CRABBE v. HARDY et al.

(Supreme Court, Special Term, Kings County.　May 6, 1912.)

1. RECORDS (§ 9*)—REGISTRATION OF TITLE—PURPOSE OF REGISTRATION.
　　Real Property Law (Consol. Laws 1909, c. 50) § 370 et seq., providing for the registration of title to real property, is not intended for the registration of bad titles giving applicant a judgment title which he does not have, or as a means of curing defects or clearing title; but its object is to establish by final judgment that the applicant has title, so that thereafter the records need not be re-examined.
　　[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REGISTRATION OF TITLE—JUDGMENT OR DECREE.
　　A judgment registering a title will not go as by default upon the examiner's certificate, unless some one appears and answers.
　　[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE—ANSWER TO APPLICATION—ISSUES.

    A party answering an application for the registration of title to real property is not limited to such questions as affect his individual interest.

    [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—REGISTRATION OF TITLE—EXAMINATION OF CHAIN OF TITLE AND REPORTS.

    It is the duty of the court on application for registration of title to real property to carefully examine the chain of title as set forth in the examiner's certificate and the accompanying proofs. .

    [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

5. RECORDS (§ 9*)—REGISTRATION—TITLE—BEACH LAND—PRESUMPTION FROM RECORD TITLE.

    Mere record title of marsh and beach land not running back to the original grant or patent raises no presumption of possession, but possession must be established by oral proof.

    [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

6. RECORDS (§ 9*)—REGISTRATION—INSUFFICIENCY OF TITLE.

    On application for the registration of title to real property, the record showed a break in the chain of title to a grantee who conveyed in 1841, there being no deed showing how such grantor obtained title, and the record also failed to show a conveyance to one who thereafter conveyed, although such fact was stated by the examiner's affidavit, and applicant's deed would take the northerly line to the high-water line of a creek, and the title sought to be registered would extend the property on that side to the bulkhead line, without evidence that such bulkhead line was at high-water mark. *Held* that, because of such defects in title, the application would be denied.

    [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Application for registration of title to land by Charles Crabbe against Emma L. Hardy, the People of the State of New York, and all other persons, if any, having any right or interest in, or lien upon the property affected by the proceeding, or any part thereof. Fanny Cirker and another impleaded. Application denied.

Gilbert Ray Hawes, for plaintiff.
William J. Klein, for Thomas F. Carmody.

CRANE, J. [1] The Title Registration Law (article 12 of the Real Property Law) is not for the purpose of registering bad titles or by the judgment of the court giving to the plaintiff a title which he does not have. Its object is to establish by a judgment of court the fact once and for all that the plaintiff has title, so that thereafter the records need not be re-examined. It was never intended to be a means for curing defects or clearing title. There are other kinds of actions at law for this purpose.

[2, 3] The apparent attitude, therefore, of the plaintiff's counsel in this case, is hardly the correct one, for he assumes that judgment must go as by default upon the examiner's certificate unless some one appears, and that, if the defendant does answer, he can only raise such questions as affect his individual interest.

[4] It is, however, the duty of the court to examine carefully the chain of title as set forth in the examiner's certificate and accompanying proofs, and, if it appears that the title is questionable, refuse its registration, leaving the parties to other action to cure the defects.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[5, 6] Now the following defects or omissions appear from the record submitted: First. There is a break in the chain of title to the grantee, Andrew Nostrand, who conveyed to Ryder in 1841; no deed showing how Nostrand obtained title. This occurs so early in the record that it might be overlooked if the property had been actually occupied and in the physical possession of all subsequent record owners, or in fact had been in possession of the record owners for the past 20 years. The certificate, records, and testimony are silent upon this point. As the property consists of marsh and beach land, the presumption of possession cannot follow from mere record title which does not run back to the original grant or patent. Miller v. L. I. R. R., 71 N. Y. 380. The only statement regarding possession is that of a present tenant, without mention of the landlord. In view of the answer possession should have been established by oral proof. Second. Title is traced through a will into Annie E. Brandreth, but there is no record of conveyance from her to John Kinzie, who thereafter conveyed. I assume that the statement as to this deed is correct, but there is no proof as required by law. This is cured apparently by a deed from Annie A. Brandreth to Charles Crabbe, the plaintiff. It is not contained in the examiner's certificate or any of the records submitted on the trial amounting to proof. The examiner submits an affidavit stating the fact, which is not a part of the chain of title or certificate. This I deem insufficient proof. Third. The deed conveying this property into the plaintiff would take the northerly line to the high-water line of Barbadoes creek. The title sought to be registered would extend the property on the north to the bulkhead line, but there is no evidence whatever to show that the bulkhead line is at high-water mark. It may have extended far out into the tide water of the creek, and, if so, the plaintiff shows no title to the land under water.

There may be other minor defects, but for the purposes of decision these are sufficient, and I shall in consequence deny the application, without costs to anybody.