### TOWN OF NORTH HEMPSTEAD v. STERN.

(Supreme Court, Trial Term, Nassau County. July 17, 1914.)

1. PUBLIC LANDS (§ 188*)—COLONIAL GRANTS.
    The Kieft patent of 1644 and the confirmatory Dongan patent of 1685 were effective as grants of title direct from the sovereign.
    [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 601–611; Dec. Dig. § 188.*]

2. NAVIGABLE WATERS (§ 37*)—LANDS UNDER WATER—OWNERSHIP.
    Lands bounded by a harbor do not include any bay, inlet, or cove which such lands adjoin.
    [Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PUBLIC LANDS (§ 225*)—INDIANS—TITLE.

After discovery, the Indians had no title to the lands which they could grant or which would be recognized in the courts of this country.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 726; Dec. Dig. § 225.*]

4. PUBLIC LANDS (§ 196*)—PATENTS—PRIORITIES.

After a colonial grant or patent including the locus in quo, a subsequent patent to Indians including it was invalid.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 621; Dec. Dig. § 196.*]

5. PUBLIC LANDS (§ 196½*).

In an action by a town to recover two parcels of land at the easterly part of Mott's Cove, Hempstead Harbor, and for damages for defendant's trespass in removing or destroying certain oyster ponds or "drinks," constructed below high-water mark in front of defendant's upland, evidence *held* not to show that the plaintiff town after acquiring the locus in quo by a colonial patent had ever parted with its title.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 622; Dec. Dig. § 196½.*]

6. NAVIGABLE WATERS (§ 37*)—LANDS UNDER WATER—PRESUMPTION AND BURDEN OF PROOF.

It will not be presumed that a conveyance of land under tidal waters was intended, but such a conveyance must be established by clear and positive evidence.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

ι. EJECTMENT (§ 23*)—PAPER CHAIN OF TITLE—BURDEN OF PROOF.

Defendant, in an action to recover lands, relying solely upon a paper chain of title and making no claim by adverse possession, cannot prevail unless the locus in quo was included within all the conveyances constituting the chain of title.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 81–93; Dec. Dig. § 23.*]

Action by the Town of North Hempstead against Benjamin Stern. Verdict directed in favor of plaintiff.

See, also, 147 N. Y. Supp. 1146.

George B. Stoddart, of Mineola, L. I. (M. Linn Bruce, of New York City, of counsel), for plaintiff.

Uterhart & Graham, of New York City, for defendant.

VAN SICLEN, J.  The above-entitled action is brought by the town of North Hempstead to recover two parcels of land described in the complaint at the easterly part of what is known as Mott's Cove, Hempstead Harbor, Nassau county, N. Y., and, by a separately stated cause of action, for damages for an alleged trespass by defendant in removing or destroying certain oyster ponds or "drinks" constructed below high-water mark in front of defendant's upland.  Said action was tried before this court and a jury at the June trial term, 1914, and at the close of the entire case both parties moved for a direction of a verdict with a request to submit briefs and with a stipulation that the court should pass upon the motions to direct a verdict waiving the presence of a jury; the court therefore became the judge of both the law and the facts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Conceding that the rights of the parties depend upon the title to the lands under water—that is, below high-water mark, in what is now known as Mott's Cove on the easterly side of Hempstead Harbor—the main question to be determined in this action is whether the plaintiff is the owner and entitled to possession of the same.

The defendant, after conceding that parcels 1 and 2 described in the complaint are situated below high-water mark in Mott's Cove, and that he does not claim to have acquired title to any of the lands in question by adverse possession, contends that he is entitled to a direction of a verdict in his favor on two separate and distinct propositions:

First. Assuming the town of Hempstead acquired title to Mott's (Duck) Cove by the Kieft patent in 1644 and the confirmatory Dongan patent in 1685, the town parted with its title by its allotments to Abel Smith, John Smith, and Nathaniel Seaman.

Second. That the town of Hempstead did not acquire title to Mott's (Duck) Cove for the reason that it obtained the Dongan patent of 1685 upon its own express agreement that "no person's property be hereby taken away," and at that time Mott's Cove was the property of the Indian Chief Runasuck, by an allotment made by the Governor and subsequently confirmed by a formal patent.

The defendant's contention is that, if either of the two said propositions is decided in defendant's favor, he is entitled to a direction of a verdict as a matter of law; and that, to entitle the plaintiff to a direction of a verdict, both questions must be decided in its favor. In addition, the defendant makes a further point, inconsistent though it may seem with the foregoing, that the town of Hempstead never acquired title to the locus in quo. This point, it seems, should be first decided. For, if it be found that the town of Hempstead never acquired title to the same, it may be found that the plaintiff has no standing herein.

[1] There is no necessity for a historical review as to the effect of the Kieft patent of 1644 and the subsequent patents and claims affecting the premises therein referred to. Such have been recognized and established by a long line of decisions, and in the very recent cases of Town of North Hempstead v. Oelsner, 148 App. Div. 779, 133 N. Y. Supp. 319, affirmed 208 N. Y. 626, 102 N. E. 1115, and in Town of North Hempstead v. Grace, Kings County Trial Term, April, 1914. Upon the trial, it appeared from the evidence that the locus in quo is within the boundaries of the Kieft patent, and, by the agreement between the town of Hempstead and town of Oyster Bay in 1677, the locus in quo was clearly brought within the bounds of the town of Hempstead. It also appears that the premises in question are within the bounds of the Dongan patent which refers to the Kieft patent and does not purport to convey any lands below high-water mark in Hempstead Harbor. It seems too that the town of Oyster Bay never claimed such. The plaintiff therefore contends that it is entitled to recover upon the strength of its own title, which is necessary in an action in ejectment, and that such has been sustained by showing title direct from the sovereign, and asserts that the defendant has wholly failed to establish title to the

locus in quo either from the sovereign or out of the town of Hempstead; that the defendant relies solely upon a paper title with no attempt to show possession, and no claim to title by adverse possession, the land not having been occupied, improved, or inclosed; and that the defendant must under the authorities put in a chain of title from the original patentee or donee, and cites Miller v. L. I. R. R., 71 N. Y. 383; Gardner v. Heart, 1 N. Y. 528; Van Inwegen v. P. J. M. & N. Y. R. R., 34 App. Div. 97, 53 N. Y. Supp. 1025.

Defendant seeks to establish a chain of paper title not only to the locus in quo but to a large portion of what is known as Mott's Cove, including lands upon which the oyster ponds or "drinks," which defendant removed or destroyed, were located. Plaintiff argues that this claim of title by defendant to lands below high-water mark in this cove was a discovery since the commencement of this action for the purpose of making a defense, and that this expedient is clearly evidenced by the fact that neither in his answer nor in his answer in a previous action brought by plaintiff for an injunction to restrain him from destroying such oyster ponds or "drinks," which said action was discontinued by consent before the present action was brought, did the defendant allege or claim to have any title to any land below high-water mark in the cove, but that he justified his acts in destroying or removing said oyster ponds or "drinks" solely upon the ground that they constituted a nuisance.

[2] A careful reading of the Kieft patent and subsequent patents and agreements convinces this court that the lands in question are within the boundaries of the said patents, and that there is no competent evidence to hold that Mott's Cove or Duck Cove (and there seems to be some doubt as to whether they are one and the same, there being testimony that Duck Cove is located some distance to the south of Mott's Cove) and Hempstead Harbor ever had a complete and separate identity. In other words, that when Hempstead Harbor was referred to, it did not include the cove. If such construction be correct, the boundary line of the harbor would be from point to point, and that practically means that the term "harbor" would be confined to the channel thereof. It seems absurd to argue that, where lands are bounded by a harbor, such lands include any bay, inlet, or cove which said lands happen to adjoin.

[3, 4] It seems clear therefore that if the defendant is to prevail he must establish: First, that the town parted with its title by allotment; or, second, that the town did not acquire title to Mott's Cove for the reason that it obtained the Dongan patent of 1685 upon its express agreement that "no person's property be hereby taken away," and at that time Mott's Cove was the property of the Indian Chief Runasuck by an allotment made by the Governor and subsequently confirmed by a formal patent. The second proposition should be first considered, and, it seems, can be readily disposed of. Defendant claims, by reason of the Andros patent of 1677 and the Dongan patent of 1685, that certain property, including the locus in quo, was granted to, or reserved to, or recognized as the property of, the Indian Chief Runasuck, and that by the Dongan patent the patent to said Runasuck

was a valid exception to the grant to the town of Hempstead, and that the defendant succeeded to said Indian title; which said title, however, he claims was merged in and with the title by allotments to Abel Smith, John Smith, and Nathaniel Seaman. The court is unable to find from the evidence in the case that the lands purported to be conveyed or reserved included any part of what is now known as Mott's Cove, or even to locate the same with any certainty. Indeed, there is nothing to show that there was any intention to include within planting or cornfield lands, lands below high-water mark under tidal waters. Further, it may be stated that the Indians did not have any title to the lands purported to be conveyed, which they could grant or which would be recognized in the courts of this country. See Town of Southampton v. Mecox Oyster Co., 116 N. Y. 1–6, 22 N. E. 387. Moreover, it appears that, if the locus in quo was included within the boundaries of the Dongan patent to the Indians, it would be invalid; the premises in question having been conveyed by a prior patent. U. S. v. Stone, 69 U. S. (2 Wall.) 525, 535.

[5-7] It seems therefore that, if defendant is to prevail, it must be by way of title to Mott's Cove acquired by allotments from the town of Hempstead to Abel Smith, John Smith, and Nathaniel Seaman. It is extremely difficult to definitely locate the alleged primary grant from the town to one Abel Smith, which the defendant claims included the locus in quo. The premises are described as lying northward of Westbury near or adjoining to Bar of Beach line that divides Hempstead from Oyster Bay. As a matter of fact, it appears from the early maps and charts that Bar Beach juts out from the westerly side of Hempstead Harbor and is a considerable distance from Mott's Cove. From an examination of subsequent alleged conveyances, it may be shown with some certainty the location and boundaries of premises that they purport to convey. However, none include or purport to include any lands below high-water mark unless such be found from rather indefinite description which, if strictly followed, seem to run across or cut part of what is now known as Mott's Cove. It is well recognized that the Dutch or English Governors never attempted to convey lands under tidal waters except to municipalities, and there is no evidence in this case of any allotment thereof to defendant's predecessors in title. It is a well-recognized principal of law that it will not be presumed that a conveyance of land under tidal waters was intended. Such a conveyance must be established by clear and positive evidence. It seems that defendant's sole claim is based upon a description which is found first in deed dated 1731 from Alias Smith to Jarvis Mudge, which the defendant claims conveys the locus in quo with adjoining upland and bases his claim upon the following part of said description:

"Thence westerly by a path and marked trees joining to Doty's land as may be made appear by deeds, to Hempstead Harbor, and so by the said harbor to the above cove, then strate to the first bounder."

Defendant contends by the last course ("then strate to the first bounder"), instead of following the shore line of the cove, the locus in quo is included and thereby conveyed. Defendant contends that, from

such deed and the subsequent deeds and conveyances, the defendant has a straight chain of title to the locus in quo, and that these facts require this court to find as a matter of law that the defendant is the owner of the premises in question, and is therefore entitled to a direction of a verdict in his favor. Defendant also contends that the town of North Hempstead, the successor of the town of Hempstead, has never until the last few years ever asserted or obtained in any way, any right, title, or interest to Mott's Cove. From the evidence in the case, it seems that the same assertion may be made as against the defendant; and further there is no competent evidence to show that the plaintiff, if it had title, had relinquished its title to the cove and to the premises in question, to the defendant or his predecessors. The defendant also makes the contention that the premises in question are marshlands intersected by creeks at low tide, bare of water and of a general meadow character. It appears, however, from the evidence in the case, that the premises in question are not marsh or so-called common lands or meadow lands, but that at mean high tide at the wall erected by the defendant there is four feet of water; and as hereinbefore stated, if the same argument be carried to its greatest extent, said Hempstead Harbor would consist simply of and in a general way be confined to the channel. The case at bar is clearly distinguishable from the case of Lawrence v. Town of Hempstead, 155 N. Y. 297, 49 N. E. 868, which involved title to common lands and beach on the south side of Long Island, and certainly the defendant's claim in this action is not nearly so strong as that of the defendant in the case of Town of North Hempstead v. Oelsner, supra, which involved upland or a bar jutting into the westerly side of the harbor.

As the defendant in this action relies solely upon paper chain of title, it is necessary to find that the locus in quo was included within all the conveyances constituting the chain; there being no claim by adverse possession. The court in this case is not permitted to speculate or surmise or infer as to the location of the premises alleged to have been conveyed by the deeds, which defendant claims furnished his chain of title, or whether or not the exact locus in quo is included therein. There seems to be no competent evidence upon which the court can find that the locus in quo is included within any allotment made by the town of Hempstead, or even by subsequent conveyances by the alleged allottees, and certainly this court cannot find that title to lands under tidal waters were included within such conveyance, nor can title thereto be based upon any such uncertain foundation. From the foregoing and under the decisions applicable to the law and the facts in this case, it seems that the plaintiff obtained title to the premises in question—that is, the land in Mott's Cove below high-water mark—and that it never allotted or parted with such title. The plaintiff's motion for direction of a verdict is granted: First, that plaintiff, the town of North Hempstead, is the fee owner of the premises mentioned and described in the complaint as parcel No. 1 and parcel No. 2 in the first cause of action set forth in the complaint and is entitled to the immediate possession thereof.; and, second, for the sum of $500 damages, as stipulated and agreed upon by and between the parties.

· A verdict is therefore directed in favor of the plaintiff town of North Hempstead as stated. Exception to defendant. Thirty days' stay of execution and 60 days to make and serve case granted to defendant.