Matter of the Petition of THOMAS HARPER, Petitioner, to Register the Title to Certain Lands Hereinafter Described.

(Supreme Court, New York Special Term, March, 1919.)

Title — registration of, to real property — failure to give notice as required by statute — application denied — Real Property Law, art. 12, as amended in 1918.

In a proceeding for the registration of a title to real property pursuant to the statute (Real Property Law, art. 12, as amended in 1918) there was no proof that any notice of the

application for the final order and judgment of registration had been given to the attorney-general of the state, although he had entered an appearance, and it affirmatively appeared that no service of a notice of hearing, of any kind, had been made directly upon all persons named in the petition or that it was not possible to give such notice as required by the statute, and that the only notice that the registrar gave or attempted to give was by mailing a registered letter to all persons mentioned in the petition as having or claiming any interest in or lien upon the property or any part thereof, for which the registration of title was sought, and a like notice to the owners of the adjoining property and none of the parties to whom such notice was sent purported to sign the registry receipt. *Held,* that the application should be denied.

APPLICATION to register a title to real property.

Walter Fairchild, for petitioner.

FINCH, J.   This is an application to register a title to real property pursuant to the provisions of article 12 of the Real Property Law (Laws of 1909, chap. 52, as amd. by Laws of 1910, chap. 627; Laws of 1916, chap. 547, and Laws of 1918, chap. 572).

The provisions of this article, in brief, provide that any person who claims to own, or has a contract for the purchase of, land or some right in or over land, may file a petition asking to have such land or rights registered.   At the same time with the filing of the petition there is filed a notice corresponding to a *lis pendens.*   The matter is then referred to an official examiner of titles, and the registrar gives notice to the persons named in the petition as having or claiming any interest in or lien upon the property, the title to which is sought to be registered, together with notice to the owners in fee simple of the surrounding property, and to such additional parties as are suggested by the official examiner of titles.

Supreme Court, March, 1919. [Vol. 106.

In reference to notice, the act provides as follows: "The registrar shall also, within seven days of the publication of said notice in a newspaper, cause a copy of said notice to be sent by registered letter, demanding a return, to every party to the proceeding whose address is known. The court may also cause other or further notice of the petition to be given. The court shall, so far as it considers it possible, require proof of actual notice to all adjoining owners and to all owners who appear to have any interest in, or claim to, the land included in the petition. Notice to such persons by mail shall be by registered letter, demanding a return. The registrar shall also cause the notice of such proceeding and hearing to be posted, at least fourteen days before the return day, in a conspicuous place on each parcel of land affected by the proceeding. * * * Default shall be noted on the failure to appear of any of those on whom the notice of hearing has been served and upon petition to the court a final order of registration may be entered at once on the failure to appear and object of all persons so served." Real Property Law, § 385. As to the conclusiveness of the final order, the act provides: "The judgment and any order made and entered in a proceeding under this act shall, except as herein otherwise provided, be forever binding and conclusive upon the state of New York and all persons in the world, whether mentioned and served with the said notice specifically by name, or included in the description, ' all other persons, if any, having any right or interest in, or liens upon, the property affected by this proceeding, or any part thereof.' It shall not be an exception to such conclusiveness that any such person is an infant, lunatic or is under any other disability or is not yet in being. * * * * No action or proceeding shall lie or be commenced, except on the ground of fraud as above stated,

to set aside any final order or judgment of registration or to modify or affect the same or for the recovery of registered property or any estate, right or interest in or lien upon the same or any part thereof, or to make any entry thereon, adversely to the title or interest registered therein, as directed by a final order or judgment of the court, unless such action or proceeding is commenced within thirty days after such final order or judgment of registration is entered.'' Real Property Law, §§ 391, 392. Thereafter any claimant is relegated solely to a claim against the state and the state is supposed to be reimbursed for any claims paid by it from an assurance fund made up by the payments of one-tenth of one per cent of the value of each piece of real property registered upon the original registration of the same. It thus appears that the state is practically an absolute guarantor of the validity of the title, and is responsible for the rights of any one that has been cut off by the error of any official under the registration act, or by the failure to give actual notice to any person if such actual notice should have been given whereby such person might have come in and brought its right to the attention of the court for protection.

An examination of the papers submitted upon this application shows two objections: *First,* there is no proof before the court that any notice has been given to the attorney-general of the state of the application for the final order and judgment of registration although an appearance has been entered by him. Failure to give such notice to any party who has appeared and not waived such notice, or consented to such application, would require the withholding of the relief asked. In the case of the attorney-general of the state this failure is of particular importance because this proceeding is of such a character that the court

looks peculiarly to the learning and diligence of the attorney-general to bring before the court for its determination all questions involved in the application for the registration of the title. The second objection concerns the notice of hearing given to those who are sought to be made parties to the proceeding. It appears from all the papers submitted to the court that in addition to the publication and posting on the land the only notice that the registrar has given or attempted to give has been the mailing of a registered letter to all persons named in the petition upon which the proceeding was commenced as having or claiming any interest in or lien upon the property or any part thereof, the title to which is sought to be registered, and a like notice to the owners of the surrounding contiguous properties. An examination of the returns to the registered letters show that not one of the parties to whom the notice has been sent purports to sign the registry receipt. In each case the receipt is apparently signed by some person other than the one to whom the notice was addressed, and the person signing has apparently signed the name of the person to whom the notice was addressed and has filled in his or her own name on the line below and above the printed words on said receipt reading " signature of addressee's agent." There is no proof before the court of any authority on behalf of the person styling himself or herself " agent " to receive the notice, and from the facts before the court there is no proof that the person receiving the notice was not a mere interloper or entire stranger to the person to whom the notice was mailed. It thus affirmatively appears from the papers before the court that no service of any kind has been made directly upon the person intended. Under such circumstances the presumption that might otherwise arise by showing that the parties had received notice

by registered mail is lacking. One reason thus appears
for the express provision of the section above quoted
requiring actual notice unless the court considers that
such actual notice is impossible. Another and even
more cogent reason for requiring actual notice is evi-
denced by the quotation above from sections 391 and
392 of this act. By these sections there has been taken
away the protection heretofore practically universally
afforded those against whom judgments have been
taken without actual notice, and an opportunity to be
heard, of being allowed to come in subsequently and
open the judgment and defend. Actual notice can only
be shown to the court by adequate proof by affidavit or
testimony that the notice of hearing was given to and
left with the person desired to be served, and that the
person effecting such service personally knew the per-
son served to be the person named in the petition.
There is nothing before the court to show that either
actual notice has been given to the persons named in
the petition or that it is not possible to give such notice,
as required by the express language of this act. The
court cannot find that it is impossible to give such actual
notice without facts being presented to the court show-
ing that due diligence has been used to endeavor to
give such actual notice, and that it is not possible.
Upon such facts, and upon such facts only, would the
court be justified in finding that it was not possible
to give the requisite notice which the statute makes
mandatory upon the court to require unless the court
shall find it impossible. The statute requires due dili-
gence in an attempt to give actual notice not only to
all owners who appear who have any interest or claim
to the land, but also to all adjoining owners. This is
important since the survey annexed to the petition
sets the boundaries between the land of which registra-
tion is sought and the land of adjoining owners. The

sentence " Notice to such persons by mail shall be by registered letter, demanding a return," following the sentence providing for the use of due diligence in attempting to give actual notice, would seem clearly to mean that where notice by mail is given such notice shall be by registered mail. Also, if otherwise construed, this sentence would directly contradict the preceding sentence and thus violate the basic rule of construction that all parts of a statute must be construed so far as possible in harmony one with the other, so that if possible meaning may be given to all the language employed. *People* v. *Ahearn,* 196 N. Y. 221, 227; *Matter of New York & Brooklyn Bridge,* 72 id. 527; *People ex rel. Freligh* v. *Matsell,* 94 id. 179. In *People* v. *Ahearn* the court said: " The principles ordinarily governing the interpretation of statutes command us * * * to avoid a construction which would leave any provision of the statute without effect, or which would result in a virtual repeal by implication of one provision by another." In the state of Massachuetts, where the constitutionality of a statute similar to our own was sustained by a court divided three to two, in the majority opinion it was said: " I am free to confess, however, that with the rest of my brethren I think the act ought to be amended by the direction of still further precautions to secure actual notice before a decree is entered, and if it is not amended the judges of the court ought to do all that is in their power to satisfy themselves that there has been no failure in this regard before they admit a title to registration. *Tyler* v. *Court of Registration,* 175 Mass. 71, 78.

The purposes sought to be accomplished by the act in question are clearly beneficent and when once a title has been properly registered the resulting benefits to the realty are apparent, but this makes none the

less necessary the requirements that the initial registration must be in accordance with those fundamental principles which the accumulated experience of mankind has shown to be necessary to promote justice and fair dealing between man and man.

It follows that the application for registration must be denied, without prejudice to such subsequent proceedings as the petitioner may be advised.

Application denied.