SAMUEL RUBIN, Plaintiff, *v.* NELSON SMITH, JR., and MARION SMITH, as Executors of the Last Will and Testament of NELSON SMITH, Deceased, and WALTER FAIRCHILD, Defendants.

Supreme Court, Bronx Special Term, December, 1923.

Vendor and purchaser — action to recover payment on account under land contract — vendor's title registered pursuant to the Torrens Registration Law — when title to land may not be questioned — complaint dismissed.

Where the complaint in an action to recover back a payment made on account of the purchase price under a contract for the sale of real property admits that the title tendered by defendants has been registered under an order of the court pursuant to the Torrens Registration Law and that a certificate of title in defendants has been issued, the title under the statute (Real Prop. Law, § 391) may not be questioned by reason of antecedent defects in the owners' title or because of irregularities in the conduct of the action to have the title registered.

The plaintiff, to be relieved from the effect of such registration of title, must show facts upon which an interested party would be entitled to set aside the registration for fraud. As to mistakes, errors or irregularities the final order is a conclusive adjudication.

If plaintiff claims that a fraud, for which under section 392 of the statute the registration may be set aside, has been committed and that as a purchaser he has actual notice of the fraud, he should plead it and may have opportunity to do so by amending his complaint.

Motion for judgment dismissing the complaint granted, with leave to serve an amended complaint.

MOTION by defendants for a dismissal of the complaint.

*William Bell Wait*, for plaintiff, opposed.

*Walter Fairchild*, for defendants, for motion.

Tierney, J. The plaintiff is the purchaser in the contract for the sale of real property. He alleges that he rejected the title for sufficient reasons and sues to recover a payment made on account. This is a motion for judgment upon the complaint to dismiss the same as not containing facts sufficient to constitute a cause of action. The complaint sets forth various alleged defects in the defendants' title such as outstanding title in third parties. It admits, however, that pursuant to those provisions of the Real Property Law popularly known as the Torrens Registration Law the defendants' title has been registered under an order of this court and that a certificate of title in the defendants has been issued. The plaintiff meets this fact with allegations of irregularity in the conduct of the action to have the title registered and asserts that the judgment is, therefore, void. The question presented is whether a title tendered under such registration can be questioned by reason of antecedent defects in the owners' title or by reason of defects in the conduct of the action. The act says that it may not. It provides that the judgment shall be forever binding and conclusive upon the state of New York and all persons in the world (§ 391), except as otherwise provided. The exception is that the registration may be set aside for fraud (§ 392). The complaint fails to allege that the errors in the conduct of the action were the result of fraud. It does allege that the misstatements in the petition and the report of the official examiner constituted a fraud upon the court, but I do not think that this characterization of the result of the mistakes as to the true title is a sufficient allegation that any representation was fraudulently made. To relieve himself from the effect of the registration of the title the plaintiff must show facts upon which an interested party would be entitled to set aside the registration for fraud and not for mistakes, errors or irregularities. As against the latter the final order is conclusive adjudication. If the plaintiff claims that a fraud has been committed and that as a purchaser he has actual notice of the fraud he should plead this. His allegations of errors, mistakes and irregularities are insufficient unless he alleges that they were fraudulently committed. He may have an opportunity to do so by amending his complaint. The motion for judgment dismissing the complaint is granted, with leave to serve an amended complaint within twenty days after service of a copy of the order to be entered hereon, with notice of entry and payment of ten dollars costs. Settle order on notice.

Ordered accordingly.