THE CITY OF NEW YORK, Plaintiff, *v.* EMMA M. H. WRIGHT, MERCURY IRON WORKS, INC., and IGNACIO F. CAVALLUZZO, Defendants.

Supreme Court, Bronx Trial Term, March, 1924.

Ejectment — *action by city of New York to recover possession of land —* judgment under Real Property Law of registration of title in defendant is good defense — mistakes or errors in registration papers not ground for attacking judgment in collateral action — judgment of registration cannot be attacked in collateral action where court had jurisdiction — acknowledgment by city of receipt of notice of hearing in registration proceeding need not be personally signed by corporation counsel.

In an action in ejectment by the city of New York to recover the possession of certain land a judgment of registration of title in the defendant under the provisions of the Real Property Law is a good defense, where it appears that

the court in the registration proceeding had jurisdiction of the subject-matter and also of the parties named as defendants and that the city of New York was so named and duly acknowledged the receipt of a notice of hearing.

Honest mistakes or errors in the papers in the registration proceeding do not constitute the fraud referred to in the Real Property Law and afford no ground for attacking the conclusive effect of the judgment of registration in a collateral action of ejectment.

A return card acknowledging the receipt by the city from the postmaster of a registered letter containing a copy of the notice of hearing in the registration proceeding is valid although not personally signed by the corporation counsel.

ACTION in ejectment.

*George P. Nicholson,* corporation counsel (*Willoughby B. Dobbs,* of counsel), for plaintiff.

*J. Sidney Bernstein,* for defendants.

DELEHANTY, J. In this action of ejectment, tried by the court without a jury, the city of New York seeks to recover possession of certain portions of a plot of land located at or near the northeasterly corner of Jerome avenue and East One Hundred and Sixty-second street, in the borough of The Bronx. The city contends that the land in question was originally under water in Cromwell's creek, so called; that title thereto was granted to the town of Westchester in 1667 by a patent of Colonial Governor Nichols; that such title was confirmed by subsequent patents of Colonial Governors Dongan and Fletcher and by an act of the colonial legislature and by the state Constitution; that such title subsequently became vested in the city when the town of Westchester was annexed thereto in 1895 and thereafter was merged in the city of New York in 1898. On the other hand, the defendants plead and contend, among other things, that the premises in question are the property of the defendant Wright and have been held in adverse possession for more than twenty years; that the lands were not those formerly under the waters of Cromwell's creek; that prior to the commencement of this action a final judgment of registration of title of said premises in the defendant Wright had been duly rendered by the Supreme Court in Bronx county, and that in pursuance thereof the register of that county had duly issued a certificate of title to said defendant on March 22, 1922, in accordance with those provisions of the Real Property Law for registering title commonly known as the " Torrens Law." The main contention, therefore, of the defendants is that such judgment is a complete bar to this action under the terms of that statute. If so, then it becomes unnecessary to consider or pass upon any other issue in the case. The statute, in section 391, so far as material here, provides as follows: " The judgment and any

order made and entered in a proceeding under this act shall * * * be forever binding and conclusive upon the state of New York and all persons in the world, whether mentioned and served with the said notice specifically by name, or included in the description, ' all other persons, if any, having any right or interest in, or liens upon, the property affected by this proceeding, or any part thereof.' It shall not be an exception to such conclusiveness that any such person is an infant, lunatic, or is under any other disability or is not yet in being." The statute, among other things, further provides, in section 392, as follows: "Any title registration procured by or as the result of fraud may be set aside, in the same manner and by the same proceedings as in case of a deed obtained by fraud, provided * * * that the action or other proceeding to set aside such registration be commenced within ten years from the time when the final order or judgment of registration was entered. No action or proceeding shall lie or be commenced, except on the ground of fraud as above stated, to set aside any final order or judgment of registration or to modify or affect the same or for the recovery of registered property * * * unless such action or proceeding is commenced within thirty days after such final order or judgment of registration is entered." Thus, in the most explicit and comprehensive terms a judgment of registration is declared by the statute to be " forever binding and conclusive " upon " all persons in the world." Except in the case of an action brought within ten years to set aside such a judgment on the ground of fraud, the statute is mandatory that " no action or proceeding shall lie or be commenced " for " the recovery of registered property " unless commenced " within thirty days " after the entry of such judgment of registration. The present action of ejectment for the recovery of the registered property in question was not commenced until about a year and a half after the entry of the judgment of registration. Manifestly this action is not one brought to set aside the judgment of registration on the ground that it was obtained by fraud. The contention of the city that fraud or constructive fraud upon the court was committed by the alleged failure of the registration papers to truly state the interest of the city in the premises in question and that the abstract of title ignored and concealed the chain of title from the sovereign to the city is not sustainable. Such honest mistakes or errors, if any, made in the papers do not constitute the fraud referred to in the statute, and clearly afford no ground for attacking the conclusive effect of the judgment of registration in this collateral action of ejectment. See *Rubin* v. *Smith*, 122 Misc. Rep. 5. In view of the evident purpose of this remedial

statute, I am of the opinion that unless proven, or it appears on
the face of the record of the registration proceedings, that the court
had no jurisdiction of the subject-matter, or of the parties, such a
judgment cannot be attacked in any collateral action or proceeding.
No case has been brought to my attention in which such a judg-
ment has been set aside in a collateral attack. In all the cases
cited by counsel on both sides the attacks upon defects in the
title, or upon alleged errors in the proceeding, were made in the
registration proceeding itself. In the instant case the record of
the registration proceeding shows clearly that the court had juris-
diction of the subject-matter and also of the parties named therein
as defendants. The city was named and made a party defendant
in the petition and in the various papers of the registration pro-
ceeding, evidently including the notice of *lis pendens* duly filed
both in the county clerk's office and in the office of the register
of deeds as required by section 382 of the statute. The register
duly caused a copy of the notice of hearing " to be sent by
registered letter, demanding a return, to every party to the pro-
ceeding whose address is known," including the city, as required
by the statute. § 385. A return card acknowledging the receipt
from the postmaster of the registered letter in question was issued
and signed by the " Office of the Corporation Counsel " by " Mary
Neery." The city did not appear in the proceeding itself, but the
corporation counsel in this collateral action now claims in sub-
stance that although the statute provides for such service by
registered mail, yet, as there was " no receipt thereof by the
corporation counsel " personally, and no proof that Mary Neery
had any authority to accept service for the corporation counsel,
the service of the notice in question was illegal and a nullity. No
claim is made that the corporation counsel's office is not a proper
address or place to mail a notice to the city as a party defendant,
and the statute does not specify that such service must be made
personally upon the corporation counsel of any municipal cor-
poration made a defendant. No proof whatever was offered by
the corporation counsel to show that the receipt in question was
not in fact duly issued by the " office of the corporation counsel "
by its duly authorized agent " Mary Neery." In the absence and
failure to give such available proof in this collateral action there is
a strong presumption that such receipt was duly issued with full
authority in the due course of business of that office. Necessarily
the city must act through agents, and obviously the corporation
counsel must also act through agents in such matters of detail.
The contention, therefore, that such a return receipt is a nullity

44

unless personally signed by the corporation counsel is not tenable. The court in the registration proceeding should not be required to call the corporation counsel or other witness to ascertain whether the official receipt stamp of that office on the return card was duly authorized or signed by the corporation counsel himself. Moreover, unless directly attacked within thirty days or by an action to set aside the judgment for fraud the owner's duplicate certificate of title of the register, introduced in evidence in the instant case, becomes *prima facie* evidence that the provisions of law have been complied with, and after the expiration of the period of limitation for bringing a direct action to set aside the judgment, such certificate becomes conclusive evidence of regularity. § 399. The case relied upon by the city (*Matter of Harper*, 106 Misc. Rep. 514) is clearly distinguishable. In that case the question as to the validity of a return receipt arose in the registration proceeding itself, and there was doubt upon the face of the return receipt whether the *individual* party defendant to whom notice had been mailed had ever received the notice. In such a registration proceeding the Court of Appeals has said: "Extreme care must be exercised by the courts in granting judgments which are to be conclusive on all the world." *Barkenthien* v. *People*, 213 N. Y. 554, 559. In this collateral action, however, the judgment, regular upon its face, is conclusive. It follows, therefore, that the complaint must be dismissed upon the merits. Settle findings and decree in accordance with these views, as it is unnecessary to find or pass upon other issues in the case.

Judgment accordingly.