FLORAL PARK MUTUAL FUEL CO., INC., and Another, Plaintiffs, *v.* ANNIE E. FISKE and Others, Defendants.

Supreme Court, Nassau County, November 1, 1926.

**Records — registration of title under Real Property Law, §§ 370–435 — action to quiet title — certificates of title cannot be attacked in absence of fraud and where more than thirty days have elapsed since registration became complete.**

In an action to quiet title, plaintiffs are entitled to judgment where their claim is based upon certificates of title granted in a proceeding for registration of title, brought under sections 370–435 of the Real Property Law, in which the summons contained the usual description " all other persons, if any, having any right or interest in, or liens upon, the property affected by this proceeding, or any part thereof," as provided in section 391 of the Real Property Law, and where it is not alleged or proved that any fraud was practiced by plaintiffs'

predecessors in title, and no attack was made in the proceeding for registration, and more than thirty days have elapsed since such registration became complete.

ACTION to quiet title.

*Greene & Hurd* [*George L. Hubbell, Jr.*, and *B. C. Fuller* of counsel], for the plaintiffs.

*Mills & Nanry* [*Isaac N. Mills* of counsel], for the defendants.

HUMPHREY, J. This is an action to quiet title. Plaintiffs are the holders of certificates issued under the Land Title Registration Law, known as the Torrens Law (Real Prop. Law, §§ 370–435). Defendants assert ownership through heirship from a former record title holder.

The property involved is a part of what is known as Hempstead Plains, and joined on the east property owned by the late John Lewis Childs of Floral Park, who carried on a business of florist and seed grower.

From the early 90's some part of the land in question was cultivated by Mr. Childs, and before 1900 it was fenced by him and cultivated and occupied by him and his successors in title from that time down to the present.

During the early part of Mr. Childs' occupancy, the taxes were paid by him, although assessed against an unknown owner up to 1905, in which year it was assessed to John Lewis Childs, " formerly unknown owner." This tax was allowed by Mr. Childs to become delinquent, for which tax the property was sold by the county treasurer of Nassau county in January, 1908. In January, 1909, the county treasurer of Nassau county executed a deed as such treasurer to the purchaser, Mr. Childs.

In 1915 Mr. Childs and his wife conveyed the property involved to John Lewis Childs, Inc., one of the plaintiffs herein.

In 1920 John Lewis Childs, Inc., brought a proceeding in the Supreme Court of Nassau county under the Torrens Law to register the title, and, as a result of that proceeding, a judgment of registration was granted and certificates issued. Subsequent to the issuance of such certificates the plaintiff John Lewis Childs, Inc., conveyed a portion of the premises to the other plaintiff, Floral Park Mutual Fuel Co., Inc.

Plaintiffs' title is based upon their claim to adverse possession for more than twenty years and the sale by the county treasurer of Nassau county for unpaid taxes, which they claim culminated in a perfect title through the registration proceeding instituted by the plaintiff John Lewis Childs, Inc., in 1920.

The defendants interpose a defense and counterclaim, and ask

that title be established in them, and produced at the trial a chain of title which dates back to 1835, and starts with a conveyance to a man by the name of Gross in that year.

Defendants attack each of plaintiffs' sources of title, and seek to show that possession notorious and adverse did not exist in the late John Lewis Childs or his successors, these plaintiffs; that the tax deed is void; and that in the title registration proceeding the defendants and their predecessors in title were not made parties.

The evidence produced at the trial establishes the adverse possession. The records of the county treasurer's office also produced at the trial show that one year elapsed between the date of the sale and the delivery of the deed by the county treasurer, and that no redemption took place during that period.

In the title registration proceeding after certain defendants were named, the summons contains the usual description: " All other persons, if any, having any right or interest in or liens upon the property affected by this action or any part thereof."

Defendants contend that this description did not give the court jurisdiction as against these defendants to render a judgment which is binding upon them.

Section 391 of the Real Property Law, as amended by Laws of 1910, chapter 627, section 11, and Laws of 1918, chapter 572, section 18, provided, among other things, that " The judgment and any order made and entered in a proceeding under this act shall, except as herein otherwise provided, be forever binding and conclusive upon the state of New York and all persons in the world, whether mentioned and served with the said notice specifically by name, or included in the description, ' all other persons, if any, having any right or interest in, or liens upon, the property affected by this proceeding, or any part thereof.' It shall not be an exception to such conclusiveness that any such person is an infant, lunatic or is under any other disability or is not yet in being."

It is not alleged or proved that any fraud was practiced by plaintiffs' predecessors in title. No attack has been made in the proceeding for the registration of title, and more than thirty days have elapsed since such registration became complete. (Real Prop. Law, § 392, as amd. by Laws of 1918, chap. 572.)

In the absence of proof of fraud, the regularity of that proceeding may not now be attacked. (*City of New York* v. *Wright,* 122 Misc. 686; *Rubin* v. *Smith,* Id. 5.)

Plaintiffs assert that defendants have failed to prove title in themselves, in that their chain of paper title does not go back to the original patentee. This contention seems to be borne out by *Miller* v. *Long Island R. R. Co.* (71 N. Y. 380); *Greenleaf* v. *Brooklyn,*

*F. & C. I. R. R. Co.* (132 id. 408); *Greenleaf* v. *Brooklyn, F. & C. I. R. Co.* (141 id. 395); *Kennedy* v. *Mineola, H. & F. Traction Co.* (77 App. Div. 484; affd., 178 N. Y. 508); *Rainforth* v. *City of New York*, 183 N. Y. Supp. 629.)

I have based my decision, however, upon the strength of plaintiffs' title rather than the weakness of the defendants'.