## MERRITT v. SMITH et al.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

1. CLAIMS TO LAND—ACTION TO DETERMINE—JUDGMENT.

In an action under Code Civ. Proc. § 1638 et seq., authorizing actions to compel the determination of claims to real estate by persons who have been in possession for one year, where the complaint contained all the averments necessary under the statute, and the defendant made no demand in his answer, except for the dismissal of the complaint, and the proof offered by defendant was insufficient to establish title in him, but plaintiff proved her claim of possession, it was proper to render the final judgment authorized by section 1645,—that defendant and every person claiming under him be forever barred from all claim to any estate of inheritance, or for life, or for a term of years not less than 10.

2. SAME—POSSESSION.

Evidence that plaintiff's grantor had put a tenant in actual possession, who at first paid rent, but subsequently held possession on an agreement to maintain the fences around the premises in good order, they from time to time being partially destroyed by trespassers, and that the tenant remained continuously in possession for some years, and up to the commencement of the action, using the premises as a pasture lot and for the storage of hay, is sufficient to show possession in plaintiff, in an action under Code Civ. Proc. § 1638, to compel the determination of claims to real estate where plaintiff or his grantor has been in possession for more than one year.

Appeal from special term, New York county.

Action by Mary Merritt against B. Osborne Smith and others to compel the determination of a claim to real property. From a judgment for plaintiff (58 N. Y. Supp. 851), defendant Smith appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, McLAUGHLIN, and O'BRIEN, JJ.

Robert J. Fox, for appellant.
Gratz Nathan, for respondent.

PATTERSON, J. This action was brought to compel the determination of claims to real property, under the provisions of section 1638 et seq. of the Code of Civil Procedure. The complaint contains all the averments necessary to the maintenance of such an action, namely; that the plaintiff was entitled to real property described in the complaint, her estate therein being in fee; that she derived title through a conveyance made to her by Roland Merritt in November, 1896; that she was in possession of the property, and that she or her grantor had been in possession of it for more than a year next preceding the beginning of the action; that the defendant Smith unjustly claims an estate in fee adversely to the plaintiff, except as to a part conveyed by him to one Quinn, and that Quinn unjustly claims adversely to the plaintiff an estate in fee in that part; that the claims of the defendants Smith and Quinn are founded upon certain instruments which they allege to have been made to Smith by certain parties, and upon certain assignments of alleged tax leases of said property. There is an allegation affecting another party defendant, who is now out of the case. Judgment

was demanded that the defendants and every person claiming under them be barred from all claim to, and estate or interest in, the property described in the complaint, or in any part of the same, in fee or in possession, or for life or for a term of years, not less than ten, and for other relief. The defendants Smith and Quinn answered separately, the former denying the plaintiff's title, and also the plaintiff's possession at the time of the commencement of the action, or during one year next preceding such commencement, and further denying that he unjustly claims an estate in fee, and also denying the allegation of the complaint that he did not derive title through the instruments under which it is alleged in the complaint he claims, and then setting up as a separate defense that he was the owner in fee simple of a portion of the premises described in the complaint, and that he was, and for a period beginning more than a year before the commencement of this action had continuously been, in possession of all the property, claiming title thereto as owner in fee simple. The defendant Quinn answered, and denied the material allegations of the complaint, and then set up his title to a portion of the premises. The cause was tried at special term, and decided in favor of the plaintiff. The defendant Smith alone appeals.

The judgment entered upon the decision of the court provides as follows:

That the defendants Smith and Quinn, "and each of them, and every person claiming under them or either of them, by title accruing after the filing of the notice of the pendency of this action, be, and they are hereby, forever barred from all claim to any estate of inheritance, or for life, or for a term of years not less than ten, in the property described in the complaint, and hereinafter described, or in any part thereof."

This provision of the judgment was based upon findings, as stated by the trial judge in his decision, that:

"The property described in the complaint at the time of the commencement of the action was, and for one year preceding had been, in possession of the plaintiff, and those from whom she derives her title, as sole tenant, claiming to be seised thereof in fee simple; Roland Merritt, her immediate grantor, having also claimed a right to the possession thereof as mortgagee. The plaintiff's possession of the said property was actual, open, and visible. The defendant Smith unjustly claimed at the time of the commencement of the action an estate in a portion of said property in fee, and the defendant Quinn unjustly claimed an estate of the remaining portion of the said property in fee; and said defendants have not, nor has either of them, established the existence of such estate so claimed by them, or any right or claim to the ownership or possession of said property, or any part thereof. The deed from Ruth Olivia Rudd, under which the defendants claim title to said property, was and is void, for the reason that at the time of delivery thereof the property therein described was in the actual possession of a person claiming under a title adverse to that of the grantor named in the deed. It does not appear that either of the said defendants, or any person from whom they respectively claim an estate or interest in said property, was in possession of the same, or of the reversion or remainder thereof, or took the rents or profits thereof, for the space of one year before the making of any conveyance thereof through which the defendants respectively claim, or of any instrument purporting to be such conveyance, or that either of said defendants, or his ancestor, predecessor, or grantor, was seised or possessed of said property, or any part thereof, within twenty years before the commencement of this action."

The question presented for consideration relates to the authority of the court to make a final judgment forever debarring the defend-

ant Smith from asserting all claim to an estate in the land, the subject of the action. The contention of the appellant is that, assuming that the plaintiff had proven her possession for the statutory period, there should have been no other judgment than that awarding to her the possession, or, to state it differently, that there was only an issue as to possession, and, that being decided in favor of the plaintiff, the defendant should have been permitted in some way to try again the issue of title. There is no such practice authorized, and no such course contemplated, by the statute. Sections 1638 to 1650 of the Code of Civil Procedure provide exclusive rules for the institution of, and procedure in, such an action, and the effect of a judgment therein. Where a plaintiff claiming an estate of the character mentioned in section 1638 is in possession for the statutory period, he has the right to compel the determination of an adverse claim to an estate in, or claim to or lien upon, the real property of which he is in possession. If the defendant puts in issue the fact of possession, and succeeds upon that issue, the complaint must be dismissed. Code Civ. Proc. § 1640. But he may in his answer, either with or without a defense as to possession, set forth his title or interest or lien or incumbrance; and thereupon he may demand that the complaint be dismissed, or any judgment to which he would be entitled in an action brought by him to recover his alleged estate, or to enforce in any manner his interest, lien, or incumbrance. Section 1641. But, where an issue of fact is joined, unless the defendant merely demands that the complaint be dismissed, if he claims an estate in the property, the subsequent proceedings, including the trial, judgment, and execution, are the same as if it were an action of ejectment. Section 1642. The defendant Smith made no other demand in his answer than for a dismissal of the complaint. The plaintiff therefore stood on possession. It was for the defendants to establish their title as in an ejectment suit in which they were plaintiffs. Some proof was offered, which was altogether ineffectual to establish title in Smith, for the reason stated in the decision of the trial judge above set forth. The plaintiff was not required to prove anything beyond her possession under a claim she asserted to an estate in fee, that being one of the three claims upon which an action of this character may be maintained. She alleged and proved her claim. She had the right, upon her claim of possession, to compel the appellant to litigate his adverse claim. The appellant was therefore called upon to prove his title, and, failing to do so, the only judgment that could be entered is that required by section 1645 of the Code of Civil Procedure, which enacts that final judgment for the plaintiff must be to the effect that the defendant, and every person claiming under him, etc., be forever barred from all claim to any estate of inheritance, or for life, or for a term of years not less than 10.

On the issue of fact as to possession, the trial court found upon satisfactory evidence that the plaintiff and her father had been in possession for some years before the institution of this action. The possession required by the statute is undoubtedly actual possession. It consisted in this case of entry upon the locus in quo, and its in-

closure by substantial fences built around the property, and maintained there through a series of years. The plaintiff's grantor put a tenant in actual occupation, who at one time paid rent, but subsequently held possession upon an agreement to maintain the fences in good order; they from time to time being partially destroyed by trespassers. That tenant, who was continuously in occupation of the premises for some years before, and also at the time of, the commencement of the action, using the same as pasture lot, and for the storage of hay, testifies that the fences were maintained by him, and that they were of such a character as to indicate an assertion of ownership of the land inclosed. There was conflicting evidence as to the condition of the fences, but there was enough proof to justify the finding of the court made on that issue.

The judgment appealed from is correct, and must be affirmed, with costs. All concur.