(56 Misc. Rep. 147.)

### HOYT v. FORREST et al.

(Supreme Court, Trial Term, New York County. October, 1907.)

QUIETING TITLE—POSSESSION IN DEFENDANT.

On a stipulation, in an action to determine claim to real estate, that the premises are capable of physical possession, and that as a matter of fact the defendant alone has been and is collecting the rents thereof, the action will be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, §§ 44, 45.]

Action by Augusta C. Hoyt against Alexander S. Forrest and others. Complaint dismissed.

A. Judson Hyatt, for plaintiff.
Gratz Nathan, for defendants.

GREENBAUM, J. This action is brought to determine conflicting claims of title to the premises known as "No. 1397 Franklin Avenue," in the city of New York. The facts are undisputed. The property in question was owned in fee by one Mary E. Forrest at the time of her death. By her last will and testament she attempted to devise said property, but by reason of the phraseology of said testamentary document differences exist between the parties to this action as to its true meaning and the intent of the testatrix. Plaintiff claims to be entitled to the fee absolute, while the defendant Alexander S. Forrest contends that the devise is to him during his natural life, with remainder over to plaintiff. It is conceded that a three-story building stands upon the premises in suit, the lower part being used as a store and the upper part being occupied by various tenants; that the store is leased to one tenant under a lease expiring May 1, 1907, made by the testatrix; that the other tenants hold under monthly tenancies, and that all rents since the death of the testatrix have been collected by and paid to the defendant Forrest. It is also conceded "that the plaintiff has never collected any rents, and has never been in actual possession, so far as having occupied the premises or as having collected the rents is concerned." Upon this state of facts the right of the plaintiff to maintain this form of action is challenged.

The provisions of the Code (sections 1638–1642) authorizing an action to determine conflicting claims to real property obviously contemplate as a prerequisite to its maintenance that the plaintiff must be in possession of the property at the time of the commencement of the action. Merritt v. Smith, 50 App. Div. 349, 353, 63 N. Y. Supp. 1068. It is not essential that the possession be an actual physical one. A tenant's possession would be construed as the landlord's possession. King v. Townshend, 78 Hun, 380, 386, 29 N. Y. Supp. 181; Bedlow

v. New York Floating Dry Dock Co., 112 N. Y. 263, 287, 19 N. E. 800, 2 L. R. A. 629; Clason v. Stewart, 23 Misc. Rep. 178, 51 N. Y. Supp. 1100. Upon the conceded facts there would appear to be no doubt that plaintiff does not show that she was in possession of the premises, and under the plain reading of the statute, and of the authorities construing it, notably Merritt v. Smith, supra, that she has evidently mistaken her remedy. It is, however, urged by the plaintiff that neither she nor the defendant Forrest is in actual possession of the property, and that an actual physical occupancy by the plaintiff is not·necessary to maintain the action. I am prepared to hold, as already indicated, that an actual physical possession is not essential. The plaintiff, however, urges that the judicial expressions in certain cases of which Whitman v. City of New York, 85 Am. Div. 468, 83 N. Y. Supp. 465, is typical, bear out her contention that sufficient has been shown to permit her to maintain this action. In that case the opinion reads:

"It is not necessary, to maintain an action of this character under section 1638 of the Code of Civil Procedure, that the plaintiff at the time of its commencement should be in actual possession. If they have the legal·title, this is sufficient. Gage v. Kaufman, 133 U. S. 471; 10 Sup. Ct. 406, 33 L. Ed. 725. Possession is presumed to follow the legal title, and where the land is unoccupied an allegation in the complaint and proof upon the trial that plaintiffs have the legal title is a sufficient allegation and proof of possession to enable them to maintain an action to remove a cloud upon their title."

I do not regard the Whitman Case as at variance with the views that I entertain as to the necessity of proving possession in the plaintiff in an action contemplated by section 1638 et seq. In that case the lands involved were vacant, unimproved, and, to a considerable extent, under water. Under such a state of facts there could have been no other possession than such as would be presumed to follow the legal title. The case of Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406, 33 L. Ed. 725, cited in the Whitman Case, was not a statutory action. It was brought in equity to set aside tax deeds as a cloud upon title, and the sufficiency of the complaint was assailed upon demurrer, among other grounds, in that there was no appropriate allegation of possession in the plaintiff. Mr. Justice Gray, writing for the court, said:

"The allegation that the plaintiff is seised is a sufficient allegation that he has the possession as well as the title." ·

In other words, these cases do not hold that possession in the plaintiff need not be shown, but merely that such possession will be presumed in a complaint for an allegation of seisin or on a trial upon proof of seisin, coupled with a state of facts, where it would be impossible to show a physical possession of the land. In the case at bar it is expressly stipulated that the premises are capable of physical possession, and that as a matter of fact the defendant Forrest alone has been and is collecting the rents, so that as between the parties he alone is shown to be in possession. Under such a state of facts I am of the opinion that the plaintiff cannot maintain this action. The complaint must be dismissed.

Complaint dismissed.