MAGNETITE MINING CO. v. WILMORE REALTY CO. et al.

(Supreme Court, Special Term, Suffolk County. February, 1913.)

1. QUIETING TITLE (§ 23*)—POSSESSION OF PLAINTIFF—"CONSTRUCTIVE POSSESSION."

Under Code Civ. Proc. § 1638, as amended in 1891, providing that one who has been in possession of real estate under claim of ownership for one year may bring an action to have adverse claims determined, "constructive possession" (that is, possession which, in law, follows in the wake of title) is sufficient to support the action.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 55, 56; Dec. Dig. § 23.*

For other definitions, see Words and Phrases, vol. 2, pp. 1474, 1475.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. QUIETING TITLE (§ 44*)—STATUTORY REMEDIES TO DETERMINE ADVERSE CLAIMS—TITLE OF PLAINTIFF—UNOCCUPIED LANDS.

Where the plaintiff, in an action to remove a cloud on title, proves title extending back for more than 30 years, and there is no proof of actual possession in either party, it will be presumed that the premises are unoccupied and that the plaintiff is entitled to the benefit of Code Civ. Proc. § 960, providing that in actions to determine the title to unoccupied land, proof of an unbroken chain of title for 30 years shall be presumptive evidence of ownership.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 89–92; Dec. Dig. § 44.*]

3. QUIETING TITLE (§ 44*)—BURDEN OF PROOF—TITLE OF DEFENDANT.

Under Code Civ. Proc. § 1645, providing that a defendant shall not be entitled to costs in an action to determine adverse claims to real estate, unless he asserts and proves a claim adverse to the plaintiff, the burden of proving an adverse claim in such an action is upon the defendant.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 89–92; Dec. Dig. § 44.*]

4. TAXATION (§ 734*)—ASSESSMENT FOR UNPAID TAXES.

Where the amount of unpaid taxes, as returned by the tax collectors of the several towns of a county, is assessed for the succeeding year upon the property of the several towns according to their assessed valuation, and not according to the amount of such unpaid taxes in each town, the assessment is illegal, and the tax deed issued upon a sale for taxes so assessed is void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1408, 1470–1473; Dec. Dig. § 734.*]

Action by the Magnetite Mining Company against the Wilmore Realty Company and another. Judgment rendered for the plaintiff.

Percy L. Housel, of Riverhead, for plaintiff.
George F. Allison, of New York City, for defendants.

JAYCOX, J. The plaintiff, claiming to be the owner in fee and in possession of the premises in suit, brings this action under section 1638 et seq. of the Code of Civil Procedure to remove a cloud from his title, consisting of the defendant's claim of title under a tax deed.

[1] The first question raised is as to the sufficiency of plaintiff's possession. Prior to the amendment of 1891, actual possession was required under this section (1638) of the Code; but since that amendment constructive possession is sufficient. Vanderveer Crossings v. Rapalje, 133 App. Div. 203–206, 117 N. Y. Supp. 485. As the plaintiff has not proven actual possession, the determination of the question as to whether plaintiff has constructive possession or not depends upon whether it has proved title. Constructive possession is "the possession in law which follows in the wake of title." Churchill v. Onderdonk, 59 N. Y. 134.

[2] The plaintiff proves title extending back more than 30 years. As before stated, there is no proof of actual possession by plaintiff or by either defendant. The plaintiff claims that in this situation it must be assumed that the property is unoccupied, and therefore the proof is sufficient under section 960 of the Code of Civil Procedure. Plaintiff claims this presumption is strengthened by the fact that the property in question is assessed as unoccupied land. In the absence of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any proof upon the subject, I think the court is justified in so assuming. The plaintiff had but to allege possession and prove title, and his case was complete. On the other hand, the defendants had but to prove the premises in the possession of some other person, and their defense was made out. In the absence of proof of actual possession in either party, I think the presumption naturally follows that the premises are unoccupied, and that therefore plaintiff is entitled to the benefit of section 960 of the Code of Civil Procedure, and its proof of title is sufficient.

[3, 4] There remains but one further question to be determined, and that is as to whether any defects are shown in the proceedings by which plaintiff's property was assessed and sold for unpaid taxes. I am of the opinion that the burden of making proof of their title was upon the defendants under section 1645 of the Code. Merritt v. Smith, 50 App. Div. 349, 350, 63 N. Y. Supp. 1068. It may be, however, that the deed from the county treasurer having been put in evidence by plaintiff, the presumption to which such deed is entitled (chapter 620, Laws 1873) required plaintiff to furnish proof that the proceedings prior to the sale in question were invalid. This the plaintiff has done by showing that for the year prior to the assessment under which the property in question was sold various amounts of taxes were returned by the collectors of taxes of each of the ten towns of Suffolk county. The property upon which such taxes were assessed was not sold for such unpaid taxes; neither were such unpaid taxes reassessed upon such property, nor by assessing upon the property in each of the towns the amount of taxes which was returned as unpaid in that town. On the other hand, all unpaid taxes were added together and assessed upon the property in said several towns, not according to the amount previously uncollected in that town, but according to the equalized assessed valuations in all the towns. The result was that the town having the largest amount of unpaid taxes was not assessed the following year for the most of the unpaid taxes, but the town having the highest equalized value. This naturally resulted in great inequality. It needs no citation of authorities to support a conclusion that such a method of taxation is illegal.

The plaintiff is entitled to judgment as prayed for, with costs.