AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff, *v.* FRIEDA BRINK and Another, Defendants.

Supreme Court, Suffolk County, April 14, 1931.

*Gerald Morrell*, for the plaintiff.

. *Livingston Smith*, for the defendants.

JOHNSTON, J. This action is brought under section 500 of the Real Property Law (as amd. by Laws of 1929, chap. 639) to compel the determination of a claim to real property in Smithtown, Long Island. In 1832 title to the property of which the premises in question is a part was in one Epenetus Smith. By mesne conveyances the property was conveyed to Daniel P. Treadwell. By deed dated August 12, 1898, and recorded October 11, 1900, Treadwell conveyed the premises in question to plaintiff's grantors. By deed dated December 23, 1898, and recorded January 11, 1899, Treadwell conveyed the remainder of the property to the House and Home Company. Both of these conveyances were made in accordance with a certain map made by Israel G. Hawkins. The deed to plaintiff's grantors recites the map to be filed in the Suffolk county clerk's office. The deed to the House and Home Company recites the map had been filed. On December 31, 1898, Treadwell filed a map made in March, 1898, by Hawkins, which map was designated as the " 9th Map of the Property of Daniel P. Treadwell in Smithtown, Suffolk County." On August 2, 1900, the House and Home Company filed its own map, which was designated as the " 9th Map of the House & Home Company." On March 24, 1900, the House and Home Company conveyed to Harriet Johnson lots 108, 109 and 110 on a certain map entitled " 9th Map of Property of the House & Home Company." Through an irregularity, lots 108A and 109 on that map take in all of lot 134A on the Treadwell map and a portion of lot 134. Thereafter Harriet Johnson conveyed the property to the defendants by deed dated October 30, 1922, and recorded November 14, 1922. It is admitted the property in question is unimproved and unoccupied.

Defendants offered no proof, and move to dismiss the complaint upon the ground that the plaintiff did not establish actual possession or that it had legal title. Proof of actual possession is unnecessary. Constructive possession is sufficient if plaintiff has established title. (*Vanderveer Crossings* v. *Rapalje*, 133 App. Div. 203,

[redacted]

206.) Plaintiff, by proving an unbroken chain of title to the premises in question — unoccupied land — for more than twenty years next preceding the commencement of this action, has established presumptive ownership according to the provisions of section 335 of the Civil Practice Act, which presumption the defendant has not rebutted. (*Magnetite Min. Co.* v. *Wilmore Realty Co.*, 142 N. Y. Supp. 1094.) Proceedings under section 500 are the same as in an action in ejectment. In ejectment, in addition to the paper title, possession must be shown in some one through whom plaintiff claims, unless title is traced back either to the sovereign or some one admitted or proved to have been a common source of the title claimed by both plaintiff and defendant. (*Aubuchon* v. *New York, N. H. & H. R. R. Co.*, 137 App. Div. 834.) Plaintiff has shown this by tracing title to Treadwell.

Judgment for plaintiff.