ISIDOR E. COHEN et al., Respondents, v. ABRAHAM N. COHEN, Individually and Doing Business as PAPERT & COHEN, Appellant.—

No opinion. Appeal from the original order dated September 16, 1942, dismissed, without costs. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

Estate of AMBROSE S. MURRAY, Appellant, v. KARL PETERS et al., Respondents, Impleaded with Another.—

The trial court proceeded upon a misconception of the nature of the action. The burden was upon the respondents to prove the efficacy of their title. (*Best Renting Co.* v. *City of New York,* 248 N. Y. 491, 496; *Merritt* v. *Smith,* 50 App. Div. 349; *Dunkum* v. *Maceck Building Corp.,* 227 App. Div. 230, 238; affd., 256 N. Y. 275; *Smith* v. *Dayton,* 253 App. Div. 899; *Queensboro Improvement Co.* v. *Dean,* 263 App. Div. 956.) That issue, which was left open, should have been determined adversely to the respondents. The only colorable claim to title advanced was by the defendants Peters, pursuant to the Van Gorder and Carr deeds of 1936 to the 368-acre parcel as a portion of the lands recited in the complaint. Thus there was asserted for the first time a claim dependent upon the tax deed of 1849. There has been a hiatus of eighty-six years, during which neither the grantee pursuant to that tax deed nor any of his successors interposed any claim, and during which period the plaintiff, since 1909, and its predecessors in title, since approximately 1860, continuously exercised dominion and control, which was recognized and accepted by the adjoining land owners. The original tax deed, itself, was offered by the plaintiff, evidencing the fact that it was in its possession and had been turned over to its predecessor in interest at some remote date. Under the circumstances, the 1936 deeds were nullities. (*Northrop* v. *Wright,* 7 Hill, 476, 491; *Jackson* v. *Warford,* 7 Wend. 62, 67; *Willson* v. *Betts,* 4 Denio, 201, 215; *Sanger* v. *Merritt,* 120 N. Y. 109.) We are further of opinion that, as against respondents who had neither title nor possession, plaintiff's title was at least colorable as to the lands within the disputed bounds running approximately from the new drainage channel to the fifteen chain line as delineated on plaintiff's composite map, and from the latter line for a distance of approximately ten chains to the commissioner's ditch. The proof is undisputed that the possession of plaintiff was to the commissioner's ditch and within the bounds otherwise set forth in the complaint, for such a period of years as constituted colorable title. The very deed upon which the respondents rely, namely, the tax deed of 1849, was in conformity to this description. Findings of fact and conclusions of law are reversed and new findings will be made. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur. Settle order on notice.