JOHN GEORGE et al., Respondents, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Second Department, April 17, 1944.

Nathaniel L. Goldstein, Attorney-General (Edmund H. H. Caddy, Orrin G. Judd and Warren H. Gilman of counsel), for appellant.

Maurice R. Cheyette for respondents.

HAGARTY, Acting P. J. Saverio George, father of plaintiff John George, died on the 3rd day of February, 1942, a resident of this State but a subject of the Kingdom of Italy, leaving a will made on the 31st day of July, 1941, which was admitted to probate on the 20th day of February, 1942. Judicial notice was taken at the trial that war between this country and Italy was declared on the 11th day of December, 1941. Defendant asserts that the sole issue in this case is whether or not the real property of which Saverio died seized escheated to the State upon Saverio's death, and seeks judgment declaring such escheat. This issue was not presented by the answer. Judgment for plaintiffs was properly made, in the light of the pleadings and the proof.

Pursuant to the provisions of article 15 of the Real Property Law, in effect at the time of commencement of this action on or about the 1st day of October, 1942, and to and including entry of judgment, plaintiffs pleaded and undisputedly proved possession for a period of one year under a claim of title. The parcel of realty in suit was acquired by Saverio by deed on the 30th day of July, 1938, and was devised by him in equal shares to his children John and Sabino George and Antonia Lettieri. The latter two conveyed their shares to the plaintiffs, John and his wife, citizens, by deed made the 4th day of April, 1942. The answer consists simply of denials. On the trial the defendant assumed no affirmative position. It is well settled that this action is a medium by which one in possession under claim of title may " smoke out " a threatening but otherwise inactive adverse claimant and force him to his proof, to the end that, if such adverse claimant fails to show good title in himself, he is forever silenced. The adverse claimant out of possession cannot prevail merely by showing the weakness of plaintiff's title. He can do so only on the strength of his own title as in an action of ejectment brought by him. If he does not plead and prove good title, he may procure dismissal of the complaint only if plaintiff fails to establish possession for the requisite statutory period under claim of title. (*Best Renting Co.* v. *City of New York,* 248 N. Y. 491, 496; *Merritt* v. *Smith,* 50 App. Div. 349; *Dunkum* v. *Maceck Building Corp.,* 227 App. Div. 230, 238, affd. 256 N. Y. 275; *Smith* v. *Dayton,* 253 App. Div. 899; *Queensboro Improvement Co.* v. *Dean,* 263 App. Div. 956; *Estate of Murray* v. *Peters,* 265 App. Div. 945.)

Even if it may be assumed that defendant presented the issue of its own good title, it failed to sustain the burden of proving it. Statutes in this State dealing with alienage and escheat always have been specific. (See summary in Weed on New York Real Property [3d ed.], pp. 107–116.) Pertinent statutes were repealed in 1913 (L. 1913, ch. 152, 153), at which time they were replaced by the following (now Real Property Law, § 10, subd. 2): " Alien friends are empowered to take, hold, transmit and dispose of real property within this state in the same manner as native-born citizens and their heirs and devisees take in the same manner as citizens; * * *." The omission of statutory provision as to alien enemies relegated them to " such rights and such only as were theirs at common law." (*Techt* v. *Hughes,* 229 N. Y. 222, 228, certiorari denied 254 U. S. 643.) The primary rule at common law, which makes no legal distinction between alien friends and enemies, is that

an alien .cannot take or transmit realty by operation. of law, but can do so by the act of the party. (*Fairfax's Devisee* v. *Hunter's Lessee,* 7 Cranch 603, 619; *Orr* v. *Hodgson,* 4 Wheat. 453, 460; *Mooers* v. *White,* 6 Johns. Ch. 360, 365.) Accordingly, an alien can.take by purchase, including devise, and convey during his lifetime, subject to divestment. (*Montgomery* v. *Dorion,* 7 N. H. 475, 480; *People* v. *Conklin,* 2 Hill 67.) Presumably, therefore, he can devise his land, such devise being regarded as in the nature of a conveyance. (*Gardner's Executor* v. *Gardner,* 37 N. J. Eq. 487, affd. 39 N. J. Eq. 337; *M'Kinnon* v. *Thompson,* 3 Johns. Ch. 307.) Title through such devise, though defeasible at common law, in that it was subject to escheat, becomes absolute pursuant to statute. (Real Property Law, § 15; *McCormack* v. *Coddington,* 184 N. Y. 467.) At common law, the land of an alien who died intestate escheated immediately and automatically by reason of his lack of heritable blood. (*Jackson* v. *Green,* 7 Wend. 333, 334; *Jackson* v. *Adams,* 7 Wend. 367; *Goodrich* v. *Russell,* 42 N. Y. 177, 181.) Expressions in the authorities which import that a like result obtains despite devise are *dicta.*

We are of opinion, therefore, that the devise of Saverio George served to convey a fee, defeasible only to the extent of the interest of the devisee Antonia by reason of the fact that she, too, was an Italian subject, which became absolute by reason of the conveyance to plaintiffs by Sabino and Antonia. In so holding, we have considered sections 10█ and 11█ of the Decedent Estate Law and have concluded that, like the statutes of descent, they are inapplicable. (*Jackson* v. *Fitz Simmons,* 10 Wend. 10, 13.) If they were applicable and an enemy alien may be considered as within the purview of the term '' persons '' as employed in section 10 (Decedent Estate Law), the devise of Saverio would thereby be rendered effective. The complete removal of disabilities of alien friends (Real Property Law, § 10█) would not preclude, by implication, partial removal of disabilities of alien enemies otherwise accomplished by statute. The recent amendment of section 10 of the Real

Property Law (L. 1944, ch. 272), which broadens the effect of subdivision 2 thereof to include all aliens, serves to show the trend of public policy on this subject. The estate or interest in real property descendible to heirs referred to in section 11 of the Decedent Estate Law relates to the title thereto as distinguished from the personal capacity of the testator considered in the preceding section, as shown by the titles of the two sections.

The judgment should be affirmed, with costs.

CARSWELL, ADEL, LEWIS and ALDRICH, JJ., concur.

In an action for the determination of a claim to real property, judgment in favor of plaintiffs unanimously affirmed, with costs.