24-1308-cv
*Plotch v. U.S. Bank Nat'l Assoc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> BETH ROBINSON,
> > *Circuit Judges*,

---

ADAM PLOTCH,

> Plaintiff-Appellant,

> v.                                                                      24-1308-CV

U.S. BANK NATIONAL ASSOCIATION, as Trustee for Asset Backed Funding Corporation, Asset Backed Certificates, Series 2006-HE1,

> Defendant-Appellee.

---

FOR APPELLANT:                                    ANTHONY R. FILOSA, Rosenburg Fortuna
                                                  & Laitman, LLP, Garden City, NY.

FOR APPELLEE:                                     MARGARET S. STEFANDL (Robert Bailey,
                                                  *on the brief*), Hinshaw & Culbertson LLP,
                                                  New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 24, 2024, is **VACATED** and this case is **REMANDED** to the district court for further proceedings.

Plaintiff-Appellant Adam Plotch sued U.S. Bank National Association ("U.S. Bank") in 2021 to quiet title (or settle competing claims) to a condominium unit and parking garage space in Flushing, Queens (together, the "Property") under the New York Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L.") § 1501.[1]

---

[1] U.S. Bank is the defendant in this action as trustee for Asset Backed Funding Corporation, Asset Backed Certificates, Series 2006-HE1, the real party in interest that holds the Mortgage. For ease of reading, we refer to the defendant simply as "U.S. Bank."

The district court entered judgment for U.S. Bank, and Plotch appeals. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I.      BACKGROUND[2]

In 2006, non-party Herman Chavez executed a $275,000 mortgage (the "Mortgage") on the Property to secure a loan to purchase the Property. The Mortgage has since been assigned to U.S. Bank. After Chavez defaulted on his loan, U.S. Bank accelerated the balance of Chavez's loan and initiated a foreclosure action against him in New York Supreme Court, Queens County (the "State Court"), in February 2008 (the "2008 Action"). The defendants in the 2008 Action included, among others, Chavez and the Regents Park Gardens Condominium (the "Condo Association"). After U.S. Bank failed to appear for a final status conference or to move for a judgment of foreclosure and sale, the State Court dismissed the action without prejudice in 2017.

---

[2] We take the following facts from the summary judgment record, construing all facts in favor of Plotch, the nonmoving party. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). We also take judicial notice of some publicly available court records. *See Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

3

In the meantime, independent of the 2008 Action, the Condo Association exercised statutory authority to record a lien on the Property for unpaid common condominium charges that Chavez owed. The Condo Association then initiated an action in the New York Supreme Court, also in Queens County, to foreclose on the property and collect the unpaid common charges, naming Chavez, U.S. Bank, and others as defendants. That action proceeded to judgment in August 2011, and a court-appointed referee conducted a foreclosure sale in 2016, where Plotch purchased the Property subject to the mortgage under which Chavez had purchased the property.

After Plotch bought the Property—and following some procedural jockeying not relevant here—the State Court restored the 2008 Action at U.S. Bank's request. In the restored 2008 Action, U.S. Bank moved to substitute Plotch for Chavez as the current record owner of the Property, *see* N.Y. C.P.L.R. § 1018, but the State Court denied that motion because Chavez did not directly transfer any interest to Plotch. So as of June 2021, there was an active foreclosure case in State Court related to the Property, but Plotch was not a party to it. Plotch

4

contends that by that time the six-year statute of limitations on an action to foreclose *his* interests had run. *See* N.Y. C.P.L.R. § 213(4).

In November 2021—after the 2008 Action was restored but before it concluded—Plotch filed this quiet title action in the district court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332. In his complaint, Plotch sought a judicial determination of rights to the Property, *see* N.Y. R.P.A.P.L. § 1501(1), and a court order discharging the Mortgage on the basis that any action to foreclose his interest would be time-barred, *see id.* § 1501(4). U.S. Bank moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plotch cross-moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. In May 2023, while those motions were pending, the State Court issued a judgment of foreclosure in the 2008 Action. U.S. Bank bought the Property at the resulting auction in July 2023.

In April 2024, the district court resolved the parties' various motions by granting summary judgment to U.S. Bank on Plotch's quiet title claims.[3] *See Plotch v. U.S. Bank Nat'l Ass'n*, No. 21-CV-6078 (WFK), 2024 WL 2194205, at \*7 (E.D.N.Y.

---

[3] The district court treated U.S. Bank's opposition to Plotch's summary judgment motion as a cross-motion for summary judgment. It denied U.S. Bank's motion to dismiss as moot.

Apr. 23, 2024). First, the district court gave preclusive effect to the State Court's

May 2023 judgment in the 2008 Action, concluding that even though Plotch was

not a party in the 2008 Action in State Court, the May 2023 judgment still

foreclosed his interests because Plotch failed to intervene in that action and

because Plotch was in privity with the Condo Association, whose interest Plotch

purchased at the foreclosure auction in 2016. *Id.* at *6. And second, the district

court held that U.S. Bank retained "the ability" to extinguish Plotch's interest in

the Property by way of a reforeclosure action under N.Y. R.P.A.P.L. § 1503, so an

order quieting title in Plotch's favor while reforeclosure was still possible would

be premature.[4] *Id.* at *7. Plotch appealed.

After the district court's decision and while the parties were briefing this

appeal, U.S. Bank brought another action (the "2024 Action") in State Court

seeking reforeclosure under N.Y. R.P.A.P.L. § 1503 to extinguish Plotch's rights to

---

[4] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

the property.[5]  Plotch filed an answer and counterclaims seeking the same quiet title relief that the district court denied to him in this case.  That case is ongoing.

## II.    DISCUSSION

We review a district court's decision to grant summary judgment without deference to the district court's reasoning, "construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor."  *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023).  "Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*   Plotch argues the district court erred (1) by giving preclusive effect to the 2023 judgment in the 2008 Action when Plotch was not a party to that Action on the basis that Plotch was in privity with the Condo Association, and (2) by holding that a judgment quieting title was not available to Plotch when U.S. Bank had a colorable but then-unasserted

---

[5]  If a "[foreclosure] judgment, sale or conveyance was or may have been, for any reason, void or voidable as against any person," then the affected purchaser or mortgagee may bring a reforeclosure action to extinguish junior claims and liens on the property.  N.Y. R.P.A.P.L. § 1503. Reforeclosure serves as a potential mechanism for U.S. Bank to extinguish Plotch's interest in the Property.

reforeclosure claim.  We agree with Plotch on both points and vacate the district court's judgment.

*A. Preclusion*[6]

Under New York law, "[t]he absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party." *McWhite v. I & I Realty Grp., LLC*, 210 A.D.3d 1069, 1071 (N.Y. App. Div. 2d Dep't 2022).[7]  A foreclosure judgment may still have preclusive effect if the omitted party was in privity with a party to the earlier action.  *Buechel v. Bain*, 97 N.Y.2d 295, 304 (2001).  "The term privity has been applied to denote a mutually successive relationship of the same rights to the same property."  *Kolel Damsek Eliezer, Inc. v. Schlesinger*,

---

[6] Although the district court at one point invoked "collateral estoppel," it isn't clear whether the district court considered claim preclusion, issue preclusion, or both.  *Plotch*, 2024 WL 2194205, at *6.  Because we conclude that the district court erred in concluding that Plotch is in privity with the Condo Association and is thus bound by the judgment in the 2008 Action, our decision would be the same under either doctrine.

[7] We note that New York's statute regarding notices of pendency does not apply here because it is undisputed that there was no operative notice of pendency in place when Plotch acquired the Property at auction in 2016.  *See* N.Y. C.P.L.R. § 6501(a) ("A person whose conveyance or incumbrance is recorded after the filing of [a notice of pendency] is bound by all proceedings taken in the action after such filing to the same extent as a party.").  U.S. Bank filed a notice of pendency of the 2008 Action in 2008.  Because U.S. Bank did not later extend that notice of pendency, it expired by operation of law in February 2011, three years after it was filed.  See N.Y. C.P.L.R. § 6513.

8

90 A.D.3d 851, 854–55 (N.Y. App. Div. 2d Dep't 2011). In determining whether a judgment or judicial determination has preclusive effect on a non-party on the basis that the non-party is in privity with a party to the action, we "must carefully analyze . . . whether preclusion, with its severe consequences, would be fair under the particular circumstances." *Buechel*, 97 N.Y.2d at 304–05. "Doubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate." *Id.* at 305.

Plotch undisputedly was not a party to the 2008 Action. We also hold, contrary to the district court's conclusion, that he was not in privity with the Condo Association.[8] Plotch's deed makes clear that he obtained his interest in the property from a court-appointed referee, not from the Condo Association. Moreover, the Condo Association held only a lien on the Property for unpaid common charges, whereas Plotch obtained a fee simple interest in the Property from the foreclosure sale. And the Condo Association, having vindicated its interests through its own foreclosure action, had no incentive to protect Plotch's

---

[8] We address only the specific holding of the district court. We do not consider whether Plotch could be bound by the judgment in the 2008 Action under legal theories not relied upon by the district court or raised by the parties on appeal. *Cf. East Fork Funding LLC v. Deutsche Bank National Trust*, No. 24-2066, 2025 WL 1554814 (2d Cir. June 2, 2025); *cf. also U.S. Bank Nat'l Ass'n v. Ashon*, 226 A.D.3d 941, 943 (N.Y. App. Div. 2d Dep't 2024).

9

interests in the 2008 Action. *See David v. Biondo*, 92 N.Y.2d 318, 323 (1998) (holding that two parties lacked privity where they had "fundamentally distinct interests").

Moreover, because the state court declined to substitute Plotch as a party in the 2008 Action, Plotch did not have an opportunity to litigate his challenges to foreclosure on the mortgage as against him. Under these circumstances, even if Plotch had been a successor-in-interest to the Condo Association, because he had no opportunity to litigate his claims in the 2008 Action, it would be unfair to treat him as in privity with the Condo Association for purposes of preclusion. *See Buechel*, 97 N.Y.2d at 304-05. As the New York Court of Appeals explained in *Buechel*, "Doubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate." *Id.* at 305.

### B. *Reforeclosure and Quiet Title*

We also conclude that the district court erred when it held that U.S. Bank's potential but unasserted reforeclosure claim barred Plotch from quieting title to the Property under N.Y. R.P.A.P.L. §§ 1501(1) and (4). Generally, § 1501(1) permits a plaintiff to obtain a declaration of quiet title to a property by showing possession, plus "a removable cloud on the property . . . that is actually invalid or

inoperative."  *Zuniga v. BAC Home Loans Servicing, L.P.*, 147 A.D.3d 882, 883 (N.Y. App. Div. 2d Dep't 2017).  A quiet title claim fails if a "foreclosure action [is] still pending and unresolved" because once a foreclosure action begins, no time-bar exists to foreclosure, and the cloud on the property isn't *removable*.  *See Mizrahi v. US Bank, N.A.*, 156 A.D.3d 617, 618 (N.Y. App. Div. 2d Dep't 2017).

We need not decide whether a pending and unresolved *reforeclosure* action under N.Y. R.P.A.P.L. § 1503 might also preclude a quiet title judgment, because we find no support for the suggestion that the mere *possibility* of an unasserted reforeclosure claim precludes an order quieting title.  Here, Plotch brought his federal action in November 2021 and judgment was entered against him in April 2024, months before U.S. Bank brought its state re-foreclosure action in August 2024.  Only thereafter, in October 2024, did Plotch bring his quiet title counterclaim in state court.

If we were to hold that Plotch could not assert a quiet title claim because U.S. Bank *might* initiate a reforeclosure action, mortgagees would always be able to defeat a quiet title action by threatening to initiate a reforeclosure action.  But they would then have no reason to ever actually bring their reforeclosure claims,[9]

---

[9]  Unlike ordinary foreclosure, reforeclosure is never time-barred.  *See* N.Y. R.P.A.P.L. § 1503.

11

depriving parties like Plotch of the chance to raise defenses like the "fraud or wilful neglect of the foreclosure plaintiff." *McWhite*, 210 A.D.3d at 1072; *see id.* at 1073–74 (quieting title in favor of mortgagor after concluding the mortgagee's reforeclosure claim was meritless because of "wilful neglect").

Moreover, the purpose of the quiet title statute is "to compel the *determination* of any claim adverse to . . . the plaintiff which the defendant *makes*." N.Y. R.P.A.P.L. § 1501(1) (emphases added); s*ee George v. People*, 267 A.D. 575, 577 (N.Y. App. Div. 2d Dep't 1944) ("[The quiet title statute] is a medium by which one in possession under claim of title may 'smoke out' a threatening but otherwise inactive adverse claimant and force him to his proof."). Had U.S. Bank made a reforeclosure claim in this case, *see* Fed. R. Civ. P. 13 (governing counterclaims and crossclaims), it would be the district court's duty to determine the claim, *see* N.Y. R.P.A.P.L. § 1501(1). But absent a live and meritorious reforeclosure claim at the time, the district court erred when it declined to quiet title for Plotch.

We are mindful that *now* U.S. Bank has initiated such a claim in the context of a parallel state court quiet title action, potentially impacting the analysis. On remand, we leave it to the district court in the first instance to assess the impact of these changed circumstances on Plotch's claims, including whether to stay or hold

the case in abeyance in light of the pendency of the same issues in New York state court.

For the above reasons, the district court's judgment is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court